1 | **MARTIN D. SINGER, ESQ. (BAR NO. 78166)**
**EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**
2 | **YAEL E. HOLTKAMP, ESQ. (BAR NO. 200399)**
**LAVELY & SINGER**
3 | **PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
4 | Los Angeles, California 90067-2906
Telephone: (310) 556-3501
5 | Facsimile:  (310) 556-3615
E-mail:    mdsinger@lavelysinger.com
6 | E-mail:    espiegel@lavelysinger.com
E-mail:    yholtkamp@lavelysinger.com
7 |
8 | Attorneys for Plaintiff
DUSTIN LANCE BLACK

FILED
CLERK, U.S. DISTRICT COURT
JUL 30 2009
10:52 am
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTIN LANCE BLACK, an individual, | CASE NO. CV09-5380 RGK (RCx) |
| | Hon. R. Gary Klausner |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON:** |
| v. | |
| STARZLIFE, INC., an entity of unknown form d/b/a Starzlife and d/b/a Starzlife.com; NATHANIEL THOMAS CONRAD FOLKS, an individual; MICHAEL LAWRENCE, an individual; TRACI RAITT, an individual; SCOTT ALLEN ENTERTAINMENT, INC., an unregistered fictitious entity; STEVEN LENEHAN, an individual; KELLY STAGG-LENEHAN, an individual; SERGEY KNAZEV, an individual; JESSICA JOHNSON, an individual; ZAC ALBRIGHT, an individual; DEAL WITH IT PEOPLE, INC., a California Corporation, and d/b/a Starzlife and Starzlife.com; and DOES 1-10, inclusive, | 1.  **INVASION OF PRIVACY (PUBLICATION OF PRIVATE FACTS)** |
| | 2.  **COPYRIGHT INFRINGEMENT** |
| | 3.  **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY** |
| | 4.  **VIOLATION OF CA CIVIL CODE §3344** |
| | 5.  **UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§17200 AND 17500 ET SEQ.)** |
| | 6.  **FRAUD** |
| | 7.  **FRAUD** |
| | 8.  **CONVERSION** |
| | 9.  **ACCOUNTING** |
| Defendants. | 10.  **CONSTRUCTIVE TRUST** |
| | 11.  **INVASION OF PRIVACY** |
| | 12.  **COPYRIGHT INFRINGEMENT** |
| | 13.  **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY** |
| | 14.  **INJUNCTIVE RELIEF** |
| | *[JURY TRIAL DEMANDED]* |

CONFORMED COPY

1   Plaintiff DUSTIN LANCE BLACK ("Black" and/or "Plaintiff") alleges as
2   follows:

3   ## THE NATURE OF THIS ACTION

4   1.   This is an action to enjoin and obtain redress for the Defendants'
5   unauthorized and despicable schemes to disseminate and commercially exploit a
6   private and highly confidential stolen video and photos depicting private sexual
7   relations between two consenting adults which took place nearly three years ago.

8   2.   This action is necessitated by Defendants Starzlife, Steven Lenehan,
9   Sergey Knazev, Jessica Johnson, Zac Albright, Nathan Folks and Michael
10  Lawrence's, and/or their related entities' and co-conspirator's, fraud, blatant
11  violation of Black's right of privacy, violation of copyright, wrongful conversion of
12  valuable private and personal property, wrongful disclosure of the contents of the
13  private and personal property, unauthorized commercial exploitation of the name and
14  photograph of Black, and/or unfair competition and business practices, among other
15  deceit and calculated wrongful and tortious conduct.

16  3.   Defendants Nathan Folks ("Folks"), of Usonian Entertainment, Inc.,
17  and Michael Lawrence ("Lawrence"), of ML Motors Direct, both doing business
18  under the guise of their fictitious name Scott Allen Entertainment, Inc ("SAEI"),
19  each initially set this action in motion by engaging in a pervasive fraud in efforts to
20  wrongfully commercially exploit a stolen private and personal video capturing
21  Academy Award-winning screenwriter Black (the "Video"). Thereafter, Folks and
22  Lawrence, under the guise of SAEI, provided the converted private Video to
23  Defendant Starzlife, and thereby to its operators Steven Lenehan, Sergey Knazev,
24  Jessica Johnson and Zac Albright and its parent entity Deal With It People, Inc.,
25  who themselves each engaged in a pervasive fraud and conspiracy in further efforts
26  to commercially exploit and capitalize on the unlawfully obtained private Video. All
27  such activity is without the approval or authority of Black.

28  / / /

## ALLEGATIONS COMMON TO ALL CLAIMS

### JURISDICTION AND VENUE

4.     This Court has exclusive subject matter jurisdiction over this action. This action and exclusive jurisdiction arises upon multiple grounds.  In part, under the United States Copyright Act, 17 U.S.C. Sections 101 et seq., based on acts of copyright infringement committed in the United States (28 U.S.C. §1338(a)), and separately under a claim of unfair competition joined with a substantial and related claim under the copyright laws (28 U.S.C. §1338(b)).  This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) and (b), and pursuant to 17 U.S.C. § 410(d) and § 411, and supplemental jurisdiction over Plaintiff's common law right of privacy and his statutory and common law right of publicity claims arising under California law pursuant to 28 U.S.C. § 1367, because they flow from a common nucleus of operative facts.

5.     Black has previously e-filed and registered a claim for copyright with the United States Copyright Office ("USCO") for the "Motion Picture/Audio Visual Work" the Video, described by the title "DLB & Delancy Video - Nov 2006," USCO Claim ID Number 1-3PIALV; and for the "Work of Visual Arts" the Photos, described by the registered works title "DLB & JD - Photo Images 11-2006," USCO Claim ID Number 1-3PFKPZ.  Both the claim submissions for registration for the Video and Photos on behalf of Black where filed through the USCO's eCO Registration System, and both have a "Pending" status, with full payment tendered of the Special Handling service fee (as defined by the USCO as available for "Pending or prospective litigation"), payment of the application fee and completed e-upload submission of the supporting frame images pursuant to USCO requirements and 37 CFR 202.21, titled "Deposit of identifying material instead of copies."

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b), (c) and 1400(a) because Defendants, and each of them, are subject to personal jurisdiction in this District, a substantial part of the events, acts and/or omissions

**FIRST AMENDED COMPLAINT**

giving rise to the claims herein occurred in this District and/or this is a District where at least seven of ten Defendant(s) reside or may be found.

## THE PARTIES

7.     Plaintiff DUSTIN LANCE BLACK ("Plaintiff" or "Black") is, and at all times relevant hereto has been, an individual residing and doing business in the County of Los Angeles, State of California. Black is an Academy Award-winning motion picture screenwriter and accomplished television screenwriter and producer. His motion picture credits include "*Milk*," for which he won the coveted Academy Award in 2009, and his television writing and production credits include the highly acclaimed HBO television series entitled "*Big Love*." Black is an avid proponent for, and prominently involved in, the advocacy of the advancement of Lesbian, Gay, Bisexual and Transgender ("LGBT") issues and rights.

8.     Plaintiff is informed and believes and based thereon alleges that Defendant STARZLIFE, INC ("Starzlife"), which operates and does business as Starzlife and the gossip website < Starzlife.com >, is, and at all times relevant hereto was, an entity of unknown type and origin that is, and at all times relevant hereto was, doing business in the City of Los Angeles, State of California as an unregistered paparazzi photo agency front and Internet gossip webblog operator.

9.     Plaintiff is informed and believes and based thereon alleges that Defendant NATHANIEL THOMAS CONRAD FOLKS ("Folks") is, and at all times relevant hereto has been, an individual residing and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that Folks has worked in the entertainment industry for over a decade, and is an aspiring writer and producer who owns and operates Usonian Entertainment, Inc. and Folks LLC. Plaintiff is informed and believes and thereon alleges that Defendant Folks is an agent of, owner of and/or principal in SAEI, an unregistered fictitious entity that he co-created as a front by which to operate his fraudulent

**FIRST AMENDED COMPLAINT**

1  scheme to wrongfully commercially exploit the Video and otherwise violate Black's

2  rights.

3      10.    Plaintiff is informed and believes and based thereon alleges that

4  Defendant MICHAEL LAWRENCE ("Lawrence") is, and at all times relevant

5  hereto has been, an individual residing and doing business in the County of Orange,

6  State of California, and doing business in the County of Los Angeles.  Plaintiff is

7  informed and believes and thereon alleges that Lawrence owns and operates a

8  number of leveraged companies, including used car reseller ML Motors Direct in

9  Costa Mesa.  Plaintiff is informed and believes and thereon alleges that Lawrence

10  is an agent of, owner of and/or principal in SAEI, an unregistered fictitious entity

11  that he co-created as a front -- operating out of the location of his ML Motors Direct

12  -- by which to operate his fraudulent scheme to wrongfully commercially exploit the

13  Video and otherwise violate Black's rights.

14      11.    Plaintiff is informed and believes and based thereon alleges that

15  Defendant TRACI RAITT ("Raitt") is, and at all times relevant hereto has been, an

16  individual residing in the State of Michigan and doing business in the County of Los

17  Angeles, State of California.  Plaintiff is informed and believes and based thereon

18  allege that Raitt purports to be and/or holds herself out as a Managing Member of

19  SAEI, an unregistered fictitious entity created for the purpose of engaging in fraud

20  and other wrongful conduct.

21      12.    Plaintiff is informed and believes and based thereon alleges that

22  Defendant SCOTT ALLEN ENTERTAINMENT, INC. ("SAEI") is, and at all times

23  relevant hereto has been, an unregistered fictitious entity created by Folks and

24  Lawrence for the purpose of engaging in fraud and other wrongful conduct, which

25  conducts business in the Counties of Los Angeles and Orange, State of California.

26      13.    Plaintiff is informed and believes and based thereon alleges that

27  Defendant DEAL WITH IT PEOPLE, INC ("DWIP"), which operates and does

28  business as Starzlife and the gossip website <Starzlife.com>, is, and at all times

1  relevant hereto was, a California Corporation, and at all times relevant hereto was,

2  doing business in the City of Los Angeles, State of California as, among other

3  things, a paparazzi photo agency front and Internet gossip webblog operator.

4      14.   Plaintiff is informed and believes and based thereon alleges that

5  Defendant STEVEN LENEHAN ("Lenehan") is, and at all times relevant hereto has

6  been, an individual residing and doing business in the County of Los Angeles, State

7  of California.  Plaintiff is informed and believes and based thereon alleged that

8  Lenehan, a British foreign citizen and gay man who is engaged in a fraudulent sham

9  marriage to stay in the US, co-owns and operates the unregistered paparazzi photo

10  agency front Starzlife and corresponding Starzlife.com gossip webblog, and is the

11  President and operator of defendant DWITP.

12      15.   Plaintiff is informed and believes and based thereon alleges that

13  Defendant KELLY STAGG-LENEHAN ("Stagg-Lenehan") is, and at all times

14  relevant hereto has been, an individual residing and doing business in the County of

15  Los Angeles, State of California.  Plaintiff is informed and believes and based

16  thereon allege that Stagg-Lenehan, who is engaged in a fraudulent  sham marriage

17  with foreign citizen Lenehan, co-owns and operates the unregistered paparazzi photo

18  agency Starzlife and Starzlife.com gossip webblog.

19      16.   Plaintiff is informed and believes and based thereon alleges that

20  Defendant SERGEY KNAZEV ("Knazev") and also known as Serge Knazev and

21  Serge Knazey, is, and at all times relevant hereto has been, an individual residing

22  and doing business in the County of Los Angeles, State of California.  Plaintiff is

23  informed and believes and based thereon alleged that Knazev is the CEO of and co-

24  owns and/or co-operates the unregistered paparazzi photo agency Starzlife and

25  corresponding Starzlife.com gossip webblog, and is the CEO and operator of

26  defendant DWITP.

27  / / /

28  / / /

17. Plaintiff is informed and believes and based thereon alleges that Defendant JESSICA JOHNSON ("Johnson"), is, and at all times relevant hereto has been, an individual residing and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes and based thereon allege that Johnson is an employee, agent and/or operator of Starzlife and Lenehan's partner and co-conspirator.

18. Plaintiff is informed and believes and based thereon alleges that Defendant ZAC ALBRIGHT ("Albright"), is, and at all times relevant hereto has been, an individual residing and doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes and based thereon allege that Albright is an employee, agent and/or operator of Starzlife.

19. Plaintiffs are presently unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. Hereinafter all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants." For convenience, each reference to a named Defendant herein shall also refer to the Doe Defendants, and each of them.

20. Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. Plaintiff is further informed and believes

**FIRST AMENDED COMPLAINT**

1    and based thereon alleges that the acts and conduct alleged herein were known to,

2    and authorized or ratified by, the officers, directors, and managing agents of

3    Defendant corporations or business entities, and each of them.

4          21.    Plaintiff is further informed and believe and based thereon allege that

5    the entity defendants, including Starzlife, Inc, Deal With It People, Inc, Starzlife and

6    Starzlife.com, were, and are, mere shams and shell corporations organized and

7    operated as the alter ego of one or more of the individual defendants, including

8    Lenehan, Stagg-Lenehan and Knazev, for their personal benefit and advantage, in

9    that the individual defendants have at all relevant times exercised total dominion and

10   control over Starzlife, Inc, Deal With It People, Inc, Starzlife and Starzlife.com and

11   have intermingled their own personal and financial affairs with Starzlife, Inc, Deal

12   With It People, Inc, Starzlife and Starzlife.com.  Plaintiff is further informed and

13   believe and based thereon allege, that there now exists, and at all times material

14   hereto has existed, such unity of ownership, interest and control between Starzlife,

15   Inc, Deal With It People, Inc, Starzlife and Starzlife.com, on the one hand, and

16   certain of the individual defendants, on the other hand, such that any individuality

17   or separateness which may have existed between Starzlife, Inc, Deal With It People,

18   Inc, Starzlife and Starzlife.com, on the one hand, and the individual defendants,

19   including Lenehan, Stagg-Lenehan and Knazev, on the other hand, has ceased.  An

20   injustice will result if the theoretical corporate entities of defendants Starzlife, Inc,

21   Deal With It People, Inc, Starzlife and Starzlife.com are not disregarded and the

22   individual defendants, including Lenehan, Stagg-Lenehan and Knazev, are not held

23   liable for the indebtedness of Starzlife, Inc, Deal With It People, Inc, Starzlife and

24   Starzlife.com.

25         22.    Plaintiff is further informed and believe and based thereon allege that

26   the entity defendant Scott Allen Entertainment Inc was, and is, a mere sham and

27   shell corporation organized and operated as the alter ego of one or more of the

28   individual defendants, including Lawrence, Folks and Raitt, for their personal

**FIRST AMENDED COMPLAINT**

1  benefit and advantage, in that the individual defendants have at all relevant times

2  exercised total dominion and control over Scott Allen Entertainment Inc and have

3  intermingled their own personal and financial affairs with Scott Allen Entertainment

4  Inc.  Plaintiff is further informed and believe and based thereon allege, that there

5  now exists, and at all times material hereto has existed, such unity of ownership,

6  interest and control between Scott Allen Entertainment Inc, on the one hand, and

7  certain of the individual defendants, including Lawrence, Folks and Raitt, on the

8  other hand, such that any individuality or separateness which may have existed

9  between Scott Allen Entertainment Inc, on the one hand, and the individual

10 defendants, including Lawrence, Folks and Raitt, on the other hand, has ceased.  An

11 injustice will result if the theoretical corporate entity of defendant Scott Allen

12 Entertainment Inc is not disregarded and the individual defendants, including

13 Lawrence, Folks and Raitt, are not held liable for the indebtedness of Scott Allen

14 Entertainment Inc.

15

16                        **BACKGROUND AND NATURE OF THIS ACTION**

17         23.    Until recently, Plaintiff had no knowledge that the intimate matters

18 depicted in the private, personal and highly confidential Video were captured on film

19 (versus non-identifiable still images that he thought had been deleted), nor did he

20 authorize or consent to it.  Plaintiff had a reasonable expectation of privacy in his

21 intimate activities and reasonably believed that his privacy was safe and protected.

22 Plaintiff's privacy has now been shattered.

23         24.    Following Black's surge into public life and prominence with his

24 Academy Award-winning screenplay for the motion picture "*Milk*," Defendants, in

25 an outrageous and calculated intentional invasion of Plaintiff's privacy, have

26 colluded in a scheme to fraudulently sell, disseminate and exploit the Video for

27 profit.  Defendants' malicious conduct not only violates Plaintiff's constitutional

28 privacy rights, publicity rights, and other statutory and common law principles, and

1   infringes Plaintiff's exclusive copyrights, but also exceeds all bounds of common

2   human decency.  Defendants' gross intrusion into Plaintiff's privacy must be stopped

3   and punished.

4

5                    <u>THE TAKING OF THE UNAUTHORIZED VIDEO & PHOTOS</u>

6          25.    In or around November 2006, Plaintiff was involved in a personal

7   relationship with Jeffrey Delancy ("Delancy").  On or about November 11, 2006,

8   during the course of private intimate moments and physical relations with Delancy,

9   Plaintiff observed Delancy holding a small camera and taking photographs of the two

10  of them.  Plaintiff posed for what he understood to be some photos of their heads and

11  upper torsos.  Plaintiff and Delancy expressly agreed and understood that any such

12  photos captured at that time of them were to remain private and were for their own

13  personal use only.

14         26.    During the course of the private intimate moments, and upon becoming

15  aware of the private and/or explicit nature of some of the photos, Plaintiff

16  immediately requested that Delancy stop from taking any further photos, and delete

17  any explicit images already taken.  Plaintiff was unaware, at the time, of the

18  existence of the explicit Video – captured by the same small camera, but in video

19  mode.  Delancy specifically agreed to delete any and all explicit images, and

20  Plaintiff presumed that Delancy had done so – instead, Delancy saved a copy onto

21  his personal computer.

22         27.    At no time during this, or any other intimate moments with Delancy,

23  did Plaintiff ever authorize or consent to the taking of photos (the "Photos") or any

24  video (the "Video") of his genitalia or of he and Delancy engaging in explicit

25  intimate physical acts.  The referenced Video, any and all outtake photo images

26  therefrom, and any and all referenced Photos, and all portions thereof or related

27  materials, are sometimes herein collectively referred to as, the "Property."

28  / / /

28.    The personal relationship between Plaintiff and Delancy subsequently soon thereafter ended. Plaintiff heard nothing further about any Photos or Video (or still image outtakes from the Videos), or the existence of the Video, from that encounter until the events commencing mid-June 2009, and of mid-July 2009.

**DEFENDANTS' WRONGFUL EXPLOITATION OF THE VIDEO & PHOTOS**

29.    On or about June 12, 2009, nearly three years after the encounter with Delancy, Black was stunned and extremely distressed to learn of the existence of the explicit Photos and Video depicting him and Delancy engaging in private and explicit intimate physical acts. Black was further stunned and extremely distressed to learn that such Video, as well as certain Photos, either in the form of photographic still images from the intimate moments and/or outtake still images from the Video, were being peddled for sale, licensing or other commercial exploitation by Defendants.

30.    Specifically, on or about June 12, 2009, Plaintiff discovered that approximately five of the Photos, or still image outtakes from the Videos, had been posted on two Internet gossip websites. Certain of the Photos were posted on the Starzlife website starzlife.com (the "Starzlife Website") in an article entitled **"Oscar Winner's Shocking Photos!"** which brazenly boasted the posting of the **"EXCLUSIVE! stills from this home made "documentary"** and prompted readers to **"Keep checking back to Starzlife as we hear there are more stills, and the arrival of XXX video which we will post here online!"** Certain of the Photos were also posted on the Internet gossip website PerezHilton.com (the "PerezHilton Website") in an article entitled **"Oscar Winner Dustin Lance Black eXXXposed!"** The article stated that **"[s]omeone intimately close to Milk screenwriter Dustin Lance Black sold him out to photo agency Starzlife,"** that **"pics"** depicting him nude and involved in private sexual acts **"are now for sale"** and **"we're told the photo agency also has video!!!"**

/ / /

31.   Plaintiff has since learned and is informed and believes and thereon alleges that Defendants Folks and Lawrence and Raitt, doing business under a non-existent fraudulent front name SAEI to seek to conceal their identities, were originally responsible for peddling and attempting to license the Video and certain of the Photos to various third parties by fraudulently misrepresenting to such parties that they had legally acquired the rights in and to Video and Photos, though, in truth, they had misappropriated and stolen them.  Folks and Lawrence and Raitt peddled the Video and certain of the Photos to the companies Starzlife and DWIP, which subsequently posted approximately five of the photos on its Starzlife Website and then also shopped them to various media outlets and peddled them to Mario Lavandeira a/k/a "Perez Hilton", the owner/operator of the Perezhilton Website. Specifically, Plaintiff has learned and is informed and believes and thereon alleges that Defendants illegally obtained the Photos and Video and fraudulently peddled them as set forth hereinbelow.

32.   Plaintiff has learned and is informed and believes and thereon alleges that, in or about early-2007 and for about a three-month period, Delancy was living with his boyfriend and lover Defendant Lawrence.  Although Delancy is believed to have had a time-activated password protection on his personal computer, at some point Lawrence managed to gain unauthorized access to Delancy's computer prior to password activation engaging and stole an electronic copy of a folder containing the Photos and Video.  Subsequent to Lawrence's theft of a copy of the personal Photos and Video, out of jealousy, Lawrence demanded that Delancy delete any copies of images and video of other men from his computer, and stood watch as Delancy did so.  Delancy, unaware that Lawrence had stolen a copy, believed that the copy of the Photos and Video had been deleted from his computer kept in Lawrence's house.  At no time had Delancy ever granted or assigned or transferred any right, license, title or interest in or to the Video, Photos or any of the Property to Lawrence, nor any permission to use or disseminate the Property, nor had he ever

**FIRST AMENDED COMPLAINT**

1  placed a copy on any computer belonging to Lawrence.  Delancy has had no

2  involvement with Lawrence since ending the relationship and moving out in about

3  mid-2007, and they have not spoken in years.

4      33.    Plaintiff is informed and believes and thereon alleges that in or about

5  April 2009, soon after Black won the Oscar, Lawrence showed the Video and Photos

6  to his friend and/or lover Folks.  In a brazen attempt to cash-in on Black's recent

7  Oscar win and new celebrity recognition, Lawrence and Folks devised a calculated

8  fraudulent scheme and plan to seek to sell or exploit the unlawfully obtained private

9  Photos and Video.  Lawrence and Folks conspired and agreed to create and use a

10  shell corporation or entity to attempt to hide their identities and expedite the sale or

11  marketing of the Photos and Video.   Together, Lawrence and Folks came up with

12  the name Scott Allen Entertainment, Inc., but never followed through to register any

13  such company, and instead simply used the name SAEI as a bogus unregistered

14  non-existent fictitious dba.  Lawrence and Folks further conspired to use the address

15  of Lawrence's ML Motors Direct in Costa Mesa as the purported address of SAEI,

16  and to have Lawrence's out-of-state-sister, Raitt, sign or use her name on behalf of

17  the bogus company in a further effort to hide their true identities and advance their

18  fraudulent scheme.

19      34.    Plaintiff has learned and is informed and believes and thereon alleges

20  that, since Lawrence is a used car company operator in Costa Mesa and is an

21  aspiring body-builder, he further wished to hide his involvement in the scam.  And

22  since Lawrence apparently had no idea how to market or sell the Photos and Video,

23  but knew that Folks lives and works in Los Angeles in the entertainment industry as

24  a writer and producer, and has various contacts in the industry, Lawrence agreed to

25  give the Photos and Video to Folks for him to work out trying to find a buyer in Los

26  Angeles.  Folks and Lawrence were partners in the scheme and in terms of sharing

27  any money that might be made, with Folks responsible for shopping the items and

28  arranging any deal to exploit the Property.  In about mid-May 2009, Folks told

**FIRST AMENDED COMPLAINT**

1  Lawrence about the paparazzi agency Starzlife and that he was working on arranging
2  and negotiating a deal with it and his friend at Starzlife to act as their agent to
3  expedite and maximize the sale or marketing of the Photos and Video.

4      35.    Plaintiff has learned and is informed and believes and thereon alleges
5  that in early-June 2009, Folks, Lawrence and the operators of the fictitious Starzlife
6  Inc arranged for a potential deal for Starzlife to act as a broker or agent to license
7  out and sell copies of the Photos and Video.  In furtherance of their calculated fraud
8  and in blatant violation of Black's rights, Folks and Lawrence (and with Starzlife's
9  knowledge and/or intentional blind-eye) fraudulently and without any basis claimed
10 they, d/b/a SAEI, were the legal owner of all copyrights and title for the Video and
11 Photos and they had the right to sell and distribute the Photos and Video.  Since
12 Lawrence was a used car company operator who wanted to hide the fact that he was
13 dealing in a fraudulent representation of title (that could harm his future ability to sell
14 title on a used car) and Folks was a producer and screen-writer who wanted to hide
15 the fact that he was dealing in a fraudulent representation of copyright (that could
16 cause him to lose all future credibility for any purported projects or script rights and
17 IP rights claims), Lawrence and Folks decided to enter into an agreement under the
18 name of the sham non-existent unregistered SAEI for the exploitation of the Photos
19 and Video.

20     36.    Plaintiff has learned and is informed and believes and thereon alleges
21 that to further seek to hide their identities as they advanced their fraudulent scheme
22 and wrongdoing, Lawrence and Folks used Lawrence's out-of-state sister Raitt or her
23 name to fraudulently sign, as the "managing member" of the fictitious non-existent
24 SAEI, a written agreement with Starzlife for it to act as a broker to sell and exploit
25 copies of the Photos and Video (the "SAEI-Starzlife Agreement").  Defendants
26 Folks, Lawrence and Raitt, in the name of SAEI, made express oral and written
27 fraudulent misrepresentations that SAEI was the "legal owner" of all copyrights in
28 and on that basis, would collude to and would retain Starzlife to sell the Video

1   and/or Photos to third party buyers for a fee.  No written copyright assignment,

2   license or release from Delancy and/or Black was attached to the SAEI-Starzlife

3   Agreement, nor did Folks and/or Lawrence ever provide or show any such purported

4   copyright assignment, license or release to Starzlife, nor any evidence thereof, nor

5   any evidence of the existence of SAEI.  Plaintiff is informed and believes and

6   thereon alleges that Starzlife and its operators were fully aware of Folks' and

7   Lawrence's fraud and lack of any rights in or to the Video and Photos, and were

8   active participants in the fraudulent scheme and conspiracy to harm Black and to

9   wrongfully exploit the Video and Photos.  Plaintiff is informed and believes and

10  thereon alleges that, thereafter, Defendant Folks personally provided the physical

11  Video and Photos to Starzlife, to Lenehan, Knazev and Albright.

12      37.   Plaintiff is informed and believes and based thereon alleges that based

13  upon the SAEI-Starzlife Agreement, Starzlife then shopped the Property to a number

14  of media outlets and ultimately arranged with Mario Lavandeira a/k/a "Perez

15  Hilton" to enter into a similar agreement with SAEI with regard to the commercial

16  exploitation of the Video and/or Photos on the Perezhilton.com Website.  Perez

17  Hilton thereafter displayed, disseminated and exploited certain of the Photos, all

18  without ever having been provided with or seen any purported copyright assignment,

19  license or release from Black and/or Delancy, nor any evidence thereof, nor any

20  evidence of the existence of SAEI.

21      38.   Upon receipt of legal demands and being informed by Plaintiff's

22  representatives that they have absolutely no right to display, commercially distribute,

23  disseminate or exploit the Video and/or the Photos, the principals of Starzlife and

24  DWIP initially cooperated with Plaintiff, agreed to and did remove all of the images

25  from the Starzife Website, and agreed not to post or disseminate the Video, and

26  (fraudulently represented and feigned to have) promised and agreed to cease and

27  desist from any further posting or dissemination or attempted exploitation of the

28  Photos and/or Video, among other promises, agreements and representations.

39.     Fortunately, by Plaintiff's quick remedial actions in mid-June 2009, he was able to prevent the Starzlife Website from posting and the Perezhilton Website from being provided and posting the private stolen Video and disseminating it worldwide via the Internet.

40.     Upon discovering, through extensive investigation and effort, the identity of Folks, Plaintiff's counsel sent notice and legal demands to Folks that he has absolutely no right to use, display, commercially distribute, disseminate or exploit the Video and/or any of the Photos.  Folks initially, and for many days thereafter, attempted to deny any knowledge, involvement or responsibility in the dissemination and exploitation of the Photos and/or Video, continually changing his story as to his involvement with each communication.  Folks eventually acknowledged, at least in part, his knowledge and involvement in the fraud.

41.     Upon discovering, through extensive investigation and effort, the identity of Lawrence, Plaintiff's counsel sent notice and legal demands to Lawrence that he has absolutely no right to use, display, commercially distribute, disseminate or exploit the Video and/or any of the Photos.  Lawrence initially sought to cooperate and provided extensive admissions and information to Plaintiff's counsel detailing both his and Folk's involvement and their fraudulent scheme in the dissemination and attempted exploitation of the Photos and/or Video, including their creation of and use of the name SAEI and false claims of ownership in the Photos and Video.  Lawrence has admitted and confirmed that at no time did Delancy, Black or anyone else provide him with any right, title, interest or ownership of copyright in or to the Video and/or the Photos, nor any permission, license or right to sell or distribute to them to any third party.  Lawrence likewise admitted and confirmed that he has nothing in writing giving him any interest or ownership of copyright in or to the Video and/or the Photos.

/ / /

/ / /

**FIRST AMENDED COMPLAINT**

42.    Lawrence was initially forth-coming with extensive admissions and information, however, he sought to peddle and maintain a lie about how he first obtained the Photos and Video – denying that he stole them.  Lawrence falsely claimed that he had first discovered a copy of the Video and Photos in April 2009 on a computer he owned and that had previously been used in the operation of his former call center company.  Lawrence falsely represented that he vaguely once knew Delancy and that Delancy had worked as an employee at Lawrence's call center for a period of time in about late-2006 and/or in 2007; that Delancy was assigned to and worked at one of the call center company computers; and that the items had likely been left on said computer, upon which he (falsely) alleged to have discovered the Property, by a former employee, likely Delancy.

### ASSIGNMENT OF COPYRIGHT AND ALL RIGHTS IN/TO THE VIDEO & PHOTOS

43.    Upon Black's learning of the existence of and attempted exploitation of the Video and Photos, and contacting Delancy about the same, Delancy confirmed the existence of the Property and that he had used the small handheld camera to capture video as well as still photos, and that he had not deleted the items.

44.    Delancy has fully cooperated with Plaintiff and towards that end, by written instrument (the "Copyright Assignment"), assigned to Plaintiff the full unencumbered and undivided interest in and any and all right, title and interest (including, without limitation, all copyrights) to the Property.  Delancy agreed to and did, *effective as of the moment of creation*, irrevocably sell, transfer, assign and convey to Black, throughout the universe and in perpetuity, the full, unencumbered and undivided interest in all of Delancy's right, title and interest (including, without limitation, all copyrights and all extensions and renewals of copyrights), of whatever kind or nature in and to the video any and all outtake photo images therefrom  and any and all still photos which capture or feature Black with Delancy and/or individually.  Attached hereto as Exhibit "A" is a true and correct copy of the

**FIRST AMENDED COMPLAINT**

Copyright Assignment.  Black subsequently filed with the US Copyright Office for registration of copyright for the subject works; and said copyright registration applications have been fully completed and submitted, including with full payment of fees and e-upload submission of the deposit materials.  Attached hereto as <u>Exhibit "B"</u> and <u>Exhibit "C"</u> are true and correct copy of evidence of the completed registration applications for the Video and Photos, respectively.

45.    Delancy confirmed, including under penalty of perjury, that at no time had he ever granted or assigned or transferred any copyright, right, license, title or interest in or to the Video, Photos or any of the Property to any person, firm, corporation or other entity, other than to Black, and certainly not to Lawrence or Folks or Starzlife.  Delancy further confirmed that he had never personally agreed to nor sought to license, sell, exploit or publish the Video, Photos or any of the Property, and had not given anyone else permission to do so.  Delancy further confirmed that anyone (other than Black), such as the Defendants, who purports to have lawfully obtained or to have any rights in or to the Video or Photos, did not obtain any rights from Delancy; and that if anyone has stated that they have Delancy's permission and/or that they received from him a license or assignment to use, sell, license or exploit any of the Property, they do so fraudulently.

46.    Plaintiff has never authorized or consented to Defendants, or any of them, using, displaying, disclosing, selling, licensing, exploiting, distributing, disseminating, posting or publishing any of the Property, nor has he ever authorized any of the private Property to be disclosed to the public.

47.    Plaintiff has never given, sold or transferred ownership, title or other interest in any of the Property to anyone, nor has he ever given permission to anyone, including but not limited to Defendants, to sell, license, exploit, disclose, disseminate or publicly display any of the Property.

/ / /

/ / /

1     **CONTINUED UNLAWFUL CONDUCT & FRAUD POST NOTICE & DEMANDS**

2

3        **FOLKS' & LAWRENCE'S ON-GOING CONDUCT & FRAUD**

4        48.     Folks initially and for a considerable period of time attempted to falsely

5 deny any knowledge, involvement or responsibility in the fraudulent and unlawful

6 attempted exploitation of the Video and Photos. Once informed of evidence of his

7 integral involvement, Folks purported to capitulate to Plaintiff's demands and

8 engaged in negotiations to attempt to resolve the matter. Plaintiff is informed and

9 believes and based thereon alleges that, in reality, Folks merely feigned his

10 cooperation as a stall tactic, never intended to comply with the demands, and made

11 false representations of his agreement to cease and desist from any further use,

12 display, dissemination or attempted sale or exploitation of the Video and Photos.

13 Folk's feigned agreement and false representations thereby induced Plaintiff's

14 forbearance from advancing litigation and seeking injunctive relief and from seeking

15 full reimbursement of damages. Plaintiff is informed and believes and based thereon

16 alleges that, at the same time Folks had his attorney engage in protracted

17 negotiations for a possible resolution, Folks secretly conspired and continued in

18 fraudulent and unlawful efforts to find a potential buyer for the Video and Photos.

19        49.     Lawrence initially purported to capitulate and purported to agree to all

20 of Plaintiff's demands, including to cease and desist from any further use, display,

21 dissemination or attempted sale or exploitation of the Video and Photos. Lawrence

22 even participated and cooperated in the creation of a declaration for his signature,

23 setting forth most of the extent of his and Folk's fraud and unlawful conduct.

24 Lawrence reviewed the declaration and confirmed the accuracy of the statements

25 therein, but thereafter failed to sign it or further cooperate under a reversal of

26 position in a refusal to reimburse Plaintiff for costs and damages incurred.

27 Lawrence's feigned agreement and false representations thereby induced Plaintiff's

28 forbearance from advancing litigation and seeking injunctive relief and from seeking

1   full reimbursement of damages.  Thereafter, Lawrence retained the same counsel as

2   Folks and sought to renegotiate a possible resolution.  Plaintiff is informed and

3   believes and based thereon alleges that, in reality, Lawrence merely feigned his

4   cooperation as a stall tactic.  Plaintiff is informed and believes and based thereon

5   alleges that, at the same time Lawrence had his attorney engage in protracted

6   negotiations for a possible resolution, Lawrence secretly conspired and continued in

7   fraudulent and unlawful efforts to find a potential buyer for the Video and Photos.

8

9   **STARZLIFE DEFENDANTS' FRAUD & ON-GOING CONDUCT**

10   50.   The Starzlife Defendants were placed on notice on June 12, 2009 that

11   they and SAEI, and anyone behind it -- later learned to be Folks, Lawrence and Raitt

12   -- have no rights what-so-ever in the Property, and that any use, display,

13   dissemination or exploitation violated Black's rights and was fraudulent.

14   51.   After having been placed on notice of Black's position and claims,

15   Starzlife and its parents, principals, owners, operators, employees and

16   co-conspirators, including Lenehan, Knazev, Johnson, Albright and DWIP

17   (collectively herein sometimes referred to as, "the Starzlife Defendants") initially

18   purported to capitulate and agree to all of Plaintiff's demands, including to cooperate

19   fully and cease and desist from any further display, dissemination or attempted sale

20   or exploitation of the Video and Photos.  After considerable time, effort and

21   demands, the Starzlife Defendants disclosed certain details of their coming into

22   possession of the Video and provided an e-mail address that eventually led to the

23   identity of Folks and a copy of the SAEI-Starzlife Agreement that eventually led to

24   the identity of Raitt and thereby to Lawrence.

25   52.   Thereafter, the Starzlife Defendants were further informed that, in

26   addition to Black's privacy and publicity rights by which any use by them of the

27   Video would be unlawful, by written assignment of copyright, Black owns the

28   exclusive copyright and all rights in the Video, Photos and all the Property, all as of

**FIRST AMENDED COMPLAINT**

1  the moment of creation.  The Starzlife Defendants were further informed that the
2  copy of the Video and Photos provided to them was a stolen copy.

3     53.   The Starzlife Defendants apparently feigned their cooperation and
4  agreement to cease and desist from any further display, dissemination or attempted
5  exploitation of the Video and Photos.  The Starzlife Defendants falsely represented
6  that they had returned or destroyed any and all copies of the Video and Photos in
7  their possession, custody or control, and that they had not provided a copy to any
8  third-party, but in reality secretly retained possession of a copy of the Video and
9  Photos.  The Starzlife Defendants' feigned agreement and false representations
10 thereby induced Plaintiff's forbearance from immediately advancing litigation and
11 seeking injunctive relief and from seeking reimbursement of damages.

12    54.   Plaintiff gave the Starzlife Defendants, basically, a "golden pass" to
13 potentially avoid litigation and imposition of a substantial judgment and payment to
14 Plaintiff, and to walk-away upon, but not limited to, full and complete and continued
15 cooperation and disclosure.   Unbeknownst at the time to Black, the Starzlife
16 Defendants instead choose to covertly continue to engage in a calculated conspiracy
17 to harm and defraud Plaintiff.

18    55.   Plaintiff is informed and believes and based thereon alleges that,
19 commencing on or about July 6, 7, 8 and 9th, 2009, the Starzlife Defendants secretly
20 conspired and re-engaged in new fraudulent and unlawful efforts to seek to exploit
21 the Video and to find a potential buyer for the Video and Photos.  At the time of said
22 conduct of July 2009, the Starzlife Defendants, including Lenehan, were on notice
23 that they had no rights what-so-ever in the Property, and that any use, display,
24 dissemination or exploitation violated Black's rights and was fraudulent.  They were
25 further informed and knew that, in addition to Black's privacy and publicity rights
26 by which any use by them of the Video would be unlawful, by written assignment
27 of copyright, Black owns the exclusive copyright and all rights in the Video, Photos
28 and all the Property, all as of the moment of creation.  The Starzlife Defendants

1   were further informed that the copy of the Video and Photos provided to them was

2   a stolen copy.

3        56.    Plaintiff is informed and believes and based thereon alleges that after

4   in about late-June 2009, and specifically on July 6, 7, 8 and 9th, 2009, the Starzlife

5   Defendants found and/or engaged a third-party broker who they believed specialized

6   in the secret and overseas sale or exploitation of celebrity sex videos, including ones

7   that are questionably obtained and/or to which the parties seeking to exploit the

8   videos do not have rights, releases or licenses.  Plaintiff is informed and believes and

9   based thereon alleges that Starzlife, Lenehan, Knazev and Johnson each personally

10   met with the broker in furtherance of their calculated conspiracy to violate Black's

11   rights and to harm and defraud him.

12        57.    In or about late-June 2009, and specifically on July 6, 7, 8 and 9th,

13   2009, through extensive on-going investigative efforts, Plaintiff's counsel discovered

14   the Starzlife Defendants' renewed and on-going unlawful, wrongful and tortious

15   scheme in their further attempts to disseminate, license, sell and/or exploit the

16   private Photos and Video.  Suspecting that the Starzlife Defendants would seek a

17   potential overseas buyer in an effort to hide connection to their involvement, on or

18   about July 6, 2009, Plaintiff's counsel arranged for an under-cover investigator to

19   pose as a potential buyer of the Video, respond to efforts to find a buyer, and to

20   confirm and document whether the Starzlife Defendants in fact still had possession

21   of a copy of the Video and were in fact engaged in an on-going effort to secretly

22   license, sell and/or exploit the private Photos and Video.  The Starzlife Defendants

23   thereafter continued to direct their third-party broker to arrange a meeting for a

24   potential secret sale or license of the Video.

25        58.    Plaintiff is informed and believes and based thereon alleges that, on July

26   9, 2009, Defendants Lenehan and Johnson met in the lobby bar at a Four Season's

27   Hotel with, who they believed to be, a potential buyer representing a number of

28   potential over-seas buyers.   Unbeknownst to the blinded-by-greed Starzlife

1  Defendants, the potential buyer in the public-bar, as well as another patron, were

2  actually Plaintiff's under-cover investigators.  Defendants Lenehan and Johnson

3  played a copy of the Video on their laptop for the buyer's review and engaged in

4  active discussions and negotiations to seek to sell and/or license and/or otherwise

5  exploit the Video.  During the July 9th meeting, Defendant Lenehan acknowledged

6  that they did not have copyright or any rights in the Video or Photos, and that they

7  did not have releases from the persons depicted therein.  In furtherance of their

8  scheme, Defendant Lenehan, however, falsely claimed to the buyer to have received

9  the Property directly from the person in the Video, first stating Black's name, then

10  stating from Delancy.  The Starzlife Defendants, with no knowledge of the actual

11  market value for such a stolen video with no copyright right or releases, thought they

12  could obtain half-a-million dollars for the Video, and requested that any monies be

13  paid by swift wire transfer to a secret overseas account.

14       59.   On or about July 13, 2009, Plaintiff's counsel sent a legal notice and

15  cease and desist demand letter to the Starzlife Defendants with regard to their

16  continued and on-going efforts to secretly and unlawfully disseminate, license, sell

17  and exploit the Photos and copyright protected Video.  In response, the Starzlife

18  Defendants, at first, falsely sought to deny any knowledge of or involvement in the

19  continued fraudulent and unlawful attempted exploitation of the Video and Photos.

20  The Starzlife Defendants refuse to turn-over the Property in their possession or

21  control, refuse to confirm that they will agree to Plaintiff's demands, and otherwise

22  refuse to cease their unlawful conduct.  Starzlife counsel refuses to communicate

23  with and to even read legal communications from Plaintiff's counsel.

24       60.   Prior to ceasing all communications and response, through their counsel,

25  Brian DeLaurentis of New York, Starzlife, Lenehan and Knazev have been so bold

26  as to brazenly threaten and state that, should Plaintiff upset the "status quo" (since

27  the particular attempted sale of July 9th wasn't completed and they claim no harm

28

1  was allegedly done) and sue the Starzlife Defendants for their continued and

2  on-going unlawful conduct, the Video would find its way to be publicly released.

3      61.   Plaintiff is informed and believes and based thereon alleges that the

4  Starzlife Defendants are engaged in continued and on-going efforts to secretly and

5  unlawfully disseminate, license, sell and/or exploit the Photos and copyright

6  protected Video. Plaintiff is further informed and believes and based thereon alleges

7  that the Starzlife Defendants have and are engaged in a pervasive fraud and

8  conspiracy to harm Black, and will, absent a court order, continue in their greed and

9  unlawful scheme to secretly seek an outlet to disseminate and exploit the Video.

10

11  **PLAINTIFF WILL SUFFER SIGNIFICANT DAMAGE BY DISSEMINATION OF THE**

12  **VIDEO & PHOTOS**

13      62.   As of the filing of this Complaint, Defendants have either falsely

14  feigned agreement while secretly continuing in their unauthorized conduct and/or not

15  agreed to cease and desist from attempting to sell, license or exploit the Property or

16  from publicly disclosing, posting, disseminating or publishing the Video and the

17  Photos, including over the Internet to millions of people worldwide.

18      63.   Black has spent considerable time and efforts developing his career as

19  an Academy Award-winning screenwriter and acclaimed television writer and

20  producer. Through years of hard work, Black has developed skill, reputation and

21  more recently, international notoriety to create considerable value in his identity.

22      64.   The commercial value of Black's identity is diminished by the

23  unauthorized use of his name and likeness in connection with a product which is

24  perceived unfavorably by the public or by the negative portrayal of Black to the

25  general public. Similarly tarnished will be his prominence and reputation in terms

26  of continuing to campaign and remain prominently involved in the advocacy of the

27  advancement of LGBT issues and rights.

28

65.     The conduct of Defendants manifests an outright disregard of Black's substantial privacy and publicity rights.

66.     Plaintiff is informed and believes and alleges thereon that unless enjoined and restrained, Defendants will continue to attempt to license, distribute or otherwise exploit the Video and/or Photos, despite Black's objections and the clear violation of Black's rights. This will continue to cause Black severe distress and damage, and if the Video and/or Photos is/are licensed, distributed and posted or published publically, Black will be irreparably harmed, and Defendants will be allowed to misappropriate the value of Black's name, image and identity for their own commercial gain, and to Black's detriment.

## FIRST CLAIM FOR RELIEF

### For Invasion of Privacy by Public Disclosure of Private Facts

### (Against All Defendants, Except Lenehan)

67.     Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.     Defendants, without Black's consent and against Black's will, have grossly invaded Black's protected right of privacy as recognized under the United States Constitution, the California Constitution and at common law, by disclosing to third parties the contents of the confidential Video and Photos depicting Black engaged in private sexual relations between two consenting adults which took place nearly three years ago.

69.     The unauthorized solicitation of commercial opportunities relating to the Video and the Photos and the disclosure and licensing/attempted licensing of the content of the Video and Photos is offensive and objectionable to Black, as it would be to a reasonable person of ordinary sensibilities, and is not of legitimate public concern.  Black did not consent to any use or exploitation of the Video or the Photos

25

**FIRST AMENDED COMPLAINT**

whatsoever, or to any disclosure of the contents of same. The disclosures of the Video and Photos and its content and its threatened distribution is highly offensive to Black and has violated Black's right of privacy.

70. Defendants disclosed the Video and/or Photos and their contents to third parties in order to realize profits from the ultimate sale, licensing, distribution or other commercial exploitation of the Video and Photos and to otherwise promote and advance Defendants' commercial interests.

71. Defendants knew, or should have known, that the Video and Photos contained private and confidential information, and that Black had a reasonable expectation of privacy in said Property, and that Defendants' conduct would reveal private and personal things about Black which Defendants had no right to disseminate, disclose, or exploit, and that the publication of these private facts would constitute a clear violation of Black's right of privacy.

72. Defendants violated Black's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Black's privacy and the publication, dissemination and exploitation of the Video and/or Photos, in an unprivileged manner calculated to garner publicity throughout the world, the United States and the State of California, to unjustly enrich Defendants and in conscious disregard of Black's right of privacy.

73. Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice or in reckless disregard of Black's right to privacy.

74. Defendants have threatened to continue invading Black's right of privacy by continuing to solicit opportunities relating to, and to sell, license, disseminate and/or permit distribution of, the Video and Photos. Unless and until enjoined and restrained by Order of this Court, Defendants' continued acts will cause Black severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Black is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the

1  distribution and use of the Video and Photos and mandating the return of all
2  reproductions and copies of the Video and Photos to Black.

3       75.    As a direct and proximate result of the aforementioned acts by
4  Defendants, Black has suffered injury, damage, loss, harm, anxiety, embarrassment,
5  humiliation and shame in an amount that has not yet been fully ascertained.  As a
6  direct and proximate result of the aforementioned acts by Defendants, Black has been
7  damaged, and will be damaged, in an amount subject to proof.

8       76.    Plaintiff is informed and believes and on that basis alleges that the
9  aforementioned acts of Defendants were done intentionally or with a conscious
10  disregard of Black's rights, and with the intent to vex, injure or annoy, such as to
11  constitute oppression, fraud, or malice, thus entitling Black to exemplary and
12  punitive damages in an amount appropriate to punish or make an example of
13  Defendants and to deter such conduct in the future, which amount will be proved at
14  trial.

15

16  **SECOND CLAIM FOR RELIEF**

17  **For Copyright Infringement [17 U.S.C. § 101 *et. seq.*]**

18  **(Against All Defendants, Except Lenehan)**

19       77.    Plaintiff repeats, realleges, adopts and incorporates each and every
20  allegation contained in Paragraphs 1 through 66, inclusive, as though fully set forth
21  herein.

22       78.    Black is the sole owner of all right, title and interest in the copyrights
23  to the Video and all of the Photos (the "Copyrights").  The subject works of this
24  claim have been properly and fully submitted in Black's name to the U.S. Copyright
25  Office ("USCO") for application for copyright registration.  Black deposited
26  identifying material of the work in question, paid the registration fee, including a
27  Special handling fee, and that the USCO has received Black's application and issued
28

1  submission claim numbers for the "pending" applications, USCO Claim ID Number

2  1-3PIALV for the Video and USCO Claim ID Number 1-3PFKPZ for the Photos.

3      79.   Plaintiff is informed and believes and thereon alleges that Defendants,

4  and each of them, have commercially used, exploited, attempted to sell/license and

5  disseminated the copyrighted Video and Photos.

6      80.   Defendants' commercial use, exploitation, attempts to license or sell

7  and dissemination of the copyrighted materials is unauthorized.   Defendants'

8  unauthorized commercial use, use, exploitation, licensing, attempts to license or sell

9  and dissemination of the Property constitutes an infringement of Black's rights,

10  including of the Copyrights, and of the copyright laws.

11      81.   Defendants have infringed Black's exclusive Copyrights in and to the

12  Property directly and indirectly by reproduction of the copyrighted work, causing

13  the copyrighted work to be copied and distributed, and by the preparation of

14  derivative works, all without the consent of Black.

15      82.   As a direct and proximate result of Defendants' infringing activities,

16  Black has sustained and will continue to sustain substantial injury, including damage

17  to his business and to his business and personal reputation in an amount not yet

18  known but to be determined according to proof at trial.   As a further direct and

19  proximate result of the infringement by Defendants, they have unlawfully and

20  wrongfully derived income and profits from their infringing acts.

21      83.   Black lacks an adequate remedy at law.

22      84.   Plaintiff is informed and believes and on that basis alleges that

23  Defendants had prior knowledge of Black's rights and, therefore, Defendants'

24  infringing activities are willful and wanton, entitling Black to an award of attorneys'

25  fees and the costs of this action.

26      85.   Pursuant to 17 U.S.C. § 502, Black is entitled to an order enjoining

27  Defendants' from infringing Black's copyright; pursuant to 17 U.S.C. § 503, Black

28  is entitled to an order impounding and destroying all copies of the infringing articles;

1   and pursuant to 17 U.S.C. § 504, Black is entitled to recover actual damages from

2   Defendants' infringement and Defendants' profits attributable to their infringing

3   conduct.  Pursuant to 17 U.S.C. § 505, Black is also entitled to recover the full costs

4   of bringing this action and his reasonable attorney's fees.

5       86.    Black has suffered irreparable harm and will continue to be irreparably

6   injured unless Defendants' infringement is enjoined by this Court.

7

8                      **THIRD CLAIM FOR RELIEF**

9          **For Common Law Misappropriation Of Right of Publicity**

10              **(Against All Defendants, Except Lenehan)**

11      87.    Plaintiff repeats, realleges, adopts and incorporates each and every

12   allegation contained in Paragraphs 1 through 66, 69 through 72 and 78 through 81,

13   inclusive, as though fully set forth herein.

14      88.    Black is an Academy Award-winning motion picture screenwriter and

15   accomplished television screenwriter and producer. He recently won multiple

16   entertainment industry awards, including the coveted Academy Award, for his

17   screenplay "*Milk*" which was adapted into the motion picture of the same name.  His

18   television writing and production credits include the highly acclaimed HBO

19   television series entitled "*Big Love*.  Through his hard work and use of his talents

20   in the entertainment field, Black's name, likeness and persona have substantially

21   increased in value and are vested with substantial goodwill in the eyes of the public.

22   Accordingly, at the time of Defendants' actions with regard to the Videotape and

23   Photos as alleged hereinabove, Black had valuable rights of publicity and property

24   rights with substantial commercial value, which he did not agree to transfer, in

25   whole or in part, to Defendants for the purpose of commercially exploiting them by

26   means of soliciting third parties with regard to the Video and Photos, or

27   disseminating or disclosing the Video or Photos or their content for Defendants' own

28   commercial purposes. It is clear that following his surge into prominence with his

Academy Award-winning screenplay for "*Milk*," Defendants, in an outrageous and intentional invasion of Black's privacy, decided to and did collude to sell, disseminate and exploit the stolen Video and Photos for profit.

89.   Defendants' unauthorized actions with respect to the Video and Photos constitute a violation and misappropriation of Black's right of publicity, in that Defendants misappropriated Black's name, image, likeness and persona by using the Video and/or Photos for the purpose of commercial gain, all without Black's consent.

90.   The misappropriation was for Defendants' advantage, in that Black's name, image and likeness were used and intended to create and enhance Defendants's pecuniary gain and profit.

91.   Defendants have threatened to continue utilizing Black's name and likeness by continuing to solicit and sell, license, disseminate and/or permit distribution of the Video and/or Photos.  Unless and until enjoined and restrained by Order of this Court, Defendants' continued acts will cause Black severe and irreparable injury, which cannot adequately be compensated by monetary damages. By reason of the foregoing, Black is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution and use of the Video and any of the Photos, and mandating the return of all reproductions and copies of the Video and Photos to Black.

92.   As a direct and proximate result of the aforementioned acts by Defendants, Defendants have earned profits attributable to this unauthorized commercial use and exploitation of Black's name, image, likeness and persona. The amount of said ill-gotten gains has yet to be ascertained.  Black is entitled to recover all said unjust enrichments, including all profits earned by Defendants as a result of Defendants' unauthorized commercial exploitation as herein alleged.

93.    As a direct and proximate result of the aforementioned acts by Defendants, and each of them, Black has been damaged, and will be damaged, in an amount which is not yet fully ascertainable and subject to proof at trial.

94.    Plaintiff is informed and believes, and on that basis alleges, that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Black's rights, and with the intent to vex, injure or annoy Black, such as to constitute oppression, fraud, or malice thus entitling Black to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and each of them, and to deter such conduct in the future, which amount will be proved at trial.

## FOURTH CLAIM FOR RELIEF

### For Violation of Civil Code § 3344

### (Against Defendants Starzlife, DWIP, Knazev, Johnson,
### SAEI, Folks, Lawrence, and Does 1-10)

95.    Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, 69 through 72, 78 through 81 and 88, inclusive, as though fully set forth herein.

96.    Black has tirelessly worked in the entertainment industry, and through his hard work and use of his talents in the entertainment field, Black's name, likeness and persona have substantially increased in value and are vested with substantial goodwill in the eyes of the public.  Through his hard work and effort including as an Academy Award-winning motion picture screenwriter and accomplished television screenwriter and producer, Black's name, likeness and persona have substantially increased in value and are vested with substantial goodwill in the eyes of the public.  Black has invested in his name, likeness and persona great value and substantial goodwill which Defendants are seeking to usurp, tarnish and exploit for their own wrongful purposes.

**FIRST AMENDED COMPLAINT**

97.     Defendants have knowingly misappropriated Black's name, photograph, likeness and persona for commercial purposes, including the dissemination of the Videotape and/or Photos and their content without Black's consent.

98.     The illegal and unauthorized usage by Defendants of Black's name, photograph, likeness and persona constitutes a commercial misappropriation in violation of Section 3344 of the California Civil Code of unauthorized purposes without Black's consent.

99.     Defendants have threatened to continue utilizing Black's name, photograph, likeness and persona by continuing to solicit and sell, license, disseminate and/or permit distribution of the Video and/or Photos.  Unless and until enjoined and restrained by Order of this Court, Defendants' continued acts will cause Black severe and irreparable injury, which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Black is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the use, display and distribution of the Video and Photos, and mandating the return of all reproductions and copies of the Video and Photos to Black.  Black is also entitled to recover attorneys fees and costs incurred in this action pursuant to § 3344.

100.    As a direct and proximate result of the aforementioned acts by Defendants, and each of them, Black has been damaged, and will be damaged, in an amount subject to proof at trial.

101.    Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious disregard of Black's rights, and with the intent to vex, injure or annoy Black, such as to constitute oppression, fraud, or malice thus entitling Black to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and each of them, and to deter such conduct in the future, which amount will be proved at trial.

## FIFTH CLAIM FOR RELIEF

### For Unfair Competition and Unfair Business Practices

### (Against All Defendants, Except Lenehan)

102.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, 69 through 72, 78 through 81, 88, and 96 through 97, inclusive, as though fully set forth herein.

103.   By virtue of the manner in which Defendants have improperly exploited the name, image, likeness and persona of Black, Defendants have committed unlawful, unfair, and deceptive acts, confusing, untrue and/or misleading advertising, unfair competition and unfair business practices in violation of, among other things, California Business & Professions Code §§ 17200 through 17204, 17500 and 17535.   Plaintiff is informed and believes and thereon alleges that Defendants in doing the things herein alleged have misled or substantially confused the general public.

104.   Plaintiff alleges on the basis of information and belief that the conduct of Defendants alleged herein is such that Defendants falsely, unfairly, deceptively, unlawfully and/or misleadingly stated, suggested or implied that Black consented to or authorized the exploitation of his name, image and likeness in an attempt to mislead the general public.   Plaintiff further alleges on the basis of information and belief that at all material times, Defendants knew that their conduct as alleged herein would mislead, deceive, substantially confuse and/or misinform the general public, all for Defendants' pecuniary gain.

105.   As a result of Defendants' wrongful conduct as alleged herein, Black seeks disgorgement from Defendants of any and all profits or other consideration obtained by or earned by them as a proximate result of their unfair business practices in violation of California Bus. & Prof. Code §§ 17200 and 17500 *et seq.*

/ / /

/ / /

1    106.   Unless and until enjoined and restrained by Order of this Court,

2  Defendants' continued acts will cause Black severe and irreparable injury and

3  continue to substantially confuse and deceive the general public.  By reason of the

4  foregoing, the Court should issue a temporary restraining order and preliminary and

5  permanent injunctive relief enjoining the dissemination and/or distribution of the

6  Video and Photos and mandating the return of all reproductions and copies of the

7  Video and Photos to Black.

8

9                          **SIXTH CLAIM FOR RELIEF**

10                                **For Fraud**

11    **(Against Defendants Starzlife, DWIP, Knazev, Albright and Does 1-4)**

12    107.   Plaintiff repeats, realleges, adopts and incorporates each and every

13  allegation contained in Paragraphs  1 through 66, 69 through 72, 78 through 81, 88,

14  and 96 through 97, inclusive, as though fully set forth herein.

15    108.   As a material inducement for Black's forbearance and other conduct,

16  including, but not limited to, refraining from at that time seeking reimbursement of

17  fees and costs and/or immediately commencing litigation and seeking injunctive

18  relief in May and/or by early-June 2009 and otherwise fully enforcing his rights and

19  remedies, Starzlife and the Starzlife owner's and operators, including Lenehan and

20  Knazev and Does 1-4 (collectively under this Claim for Relief, the "Starzlife

21  Defendants"), promised, agreed and confirmed and made various representation and

22  warranties to Black, including in various telephonic conversations and in written

23  memorializations of the agreements and representations referenced herein.  The

24  Starzlife Defendants' promises, agreement and confirmation and representations and

25  warranties to induce Black's forbearance and other conduct, include, but were not

26  limited to, the following:

27          (i)     Starzlife and the Starzlife operators "agreed and confirmed" and

28  represented that they would immediately and permanently cease and desist from any

1    further posting or dissemination or attempted exploitation of the Photos and/or

2    Video, and from any further efforts and/or engaging in the license, distribution,

3    dissemination or sale of any of the Photos or Video;

4            (ii)    Starzlife and the Starzlife operators "agreed and confirmed" and

5    represented that they would immediately remove and permanently delete and destroy

6    any copies of the Photos and Video from the Starzlife.com website (your "Website")

7    and their servers and computers and/or otherwise in its possession and/or control;

8            (iii)   Starzlife and the Starzlife operators agreed to turn over to Black's

9    counsel a copy of each of the Photos and Video in Starzlife's possession and/or

10   control, and thereafter permanently destroy any hardcopies and delete any and all

11   electronic copies from their computers and systems;

12           (iv)    Starzlife and the Starzlife operators "agreed and confirmed" that,

13   per their "agreement and my [Knazev's] direct knowledge photos and videos were

14   removed and deleted from StarzLife server system on Friday [June 12]. I [Starzlife

15   and its operators] do not have any copies of this material;"

16           (v)     Starzlife and the Starzlife operators represented that they had only

17   posted five Photos, and had not posted the Video;

18           (vi)    Starzlife and the Starzlife operators were informed that and

19   acknowledged that they had no rights in or to the Photos and/or Video, that any

20   purported rights, whether from Folks and/or Lawrence and/or SAEI or any other

21   person, in or to the Photos and/or Video were fraudulent and did not exist, and were

22   subsequently informed that Black owned all right, title, interest and copyright in and

23   to the Property; and

24           (vii)   Starzlife and the Starzlife operators agreed and understood that

25   should any of their provided information and representations prove not to be accurate

26   and/or if they failed to comply with each of Black's various demands and Starzlife's

27   agreements and representations, and/or should discovery indicate that Starzlife

28   provided knowingly false information or *withheld any pertinent information*, Black

would pursue all of his legal rights and remedies, which include, but are not limited to, taking legal action against Starzlife, Steven Lenehan, Kelly Stagg-Lenehan and all those involved in the publication and dissemination and attempted exploitation of the unlawful Photos and Video.

109.   At the time the foregoing written representations were made by the Starzlife Defendants, they were false, and the Starzlife Defendants knew them to be false, in that, among other things, one or more of the Starzlife Defendants and/or their owners, partners, employees or representatives (i) had secretly retained and were in possession or control of or had access to copies of the Photos and Video; (ii) did not intend to permanently cease and desist from any further posting or dissemination or attempted exploitation of the Photos and/or Video, and from any further efforts and/or engaging in the license, distribution, dissemination or sale of any of the Photos or Video; and (iii) intended to, and had devised a calculated scheme(s) to, secretly continue, as the opportunity might arise, to seek to disseminate and exploit the Photos and Video, all without right, license or title, and to otherwise harm Black.

110.   Pursuant to their plan, the Starzlife Defendants (i) fraudulently concealed that they remained in possession or control of or had continued access to copies of the Photos and Video; (ii) fraudulently concealed that they did not intend to permanently cease and desist from any further posting or dissemination or attempted exploitation of the Photos and/or Video, and from any further efforts and/or engaging in the license, distribution, dissemination or sale of any of the Photos or Video; (iii) fraudulently concealed their scheme to secretly continue, as the opportunity might arise, to attempt to disseminate and exploit the Photos and Video; and (iv) fraudulently concealed their withholding of pertinent information with regard to any agreement with Black for forbearance; among other fraudulent representations and concealment.

111.   At the time the foregoing misrepresentations were made, the Starzlife Defendants knew the true facts and the Starzlife Defendants made such misrepresentations and/or concealed such information intentionally, with the knowledge that Black would rely upon such fraudulent misrepresentations, and be induced thereby to enter into the aforementioned agreements and/or act in forbearance accordingly.

112.   At the time said representations were made, Black was unaware of the true facts and justifiably relied on the Starzlife Defendants and their misrepresentations and concealment.  Had Black known the true facts, he would not have, among other things, acted in forbearance and refrained from immediately commencing litigation and seeking injunctive relief to protect and preserve his rights and remedies.

113.   Black reasonably relied on said fraudulent misrepresentations and as a result thereof, was induced to act, or not act, to his detriment, as herein alleged.

114.  As set forth above, Black did not discover the fraudulent misrepresentations and concealments until approximately a month thereafter, all within one year of the commencement of the litigation herein.

115.   By reasoning of the foregoing, Black has been injured in an amount which is not yet fully ascertainable but which is in excess of the jurisdictional limits of this Court.  When Black has ascertained the full amount of the damages, he will seek leave of the Court to amend this Complaint accordingly.

116.   Plaintiff is informed and believes and based thereon alleges that the Starzlife Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and with full knowledge of the adverse effects of its actions on Black, and with willful and deliberate disregard to the consequences to Black, and that such actions were authorized, ratified and adopted by the partners, officers, directors and/or managing agents of the Starzlife Defendants.  As a direct result of the fraudulent, willful and malicious conduct of the Starzlife Defendants, Black is

1   entitled to exemplary and punitive damages in an amount to be determined as

2   appropriate to the Court.

3

4   ### SEVENTH CLAIM FOR RELIEF

5   **For Fraud**

6   **(Against Defendants SAEI, Folks and Lawrence, and Does 5-8)**

7   117.   Plaintiff repeats, realleges, adopts and incorporates each and every

8   allegation contained in Paragraphs  1 through 66, 69 through 72, 78 through 81, 88,

9   and 96 through 97, inclusive, as though fully set forth herein.

10  118.   As a material inducement for Black's conduct and forbearance,

11  including, but not limited to, engaging in settlement negotiations and refraining from

12  immediately commencing litigation and seeking injunctive relief in May or

13  early-June 2009 and otherwise fully enforcing his rights and remedies, Folks and

14  Lawrence and Does 5-8, all individually and as SAEI (collectively under this Claim

15  for Relief, the "Folks/Lawrence Defendants"), promised, agreed and confirmed and

16  made various representation to Black, including in various telephonic conversations

17  and in written memorializations of the agreements and representations referenced

18  herein.   The Folks/Lawrence Defendants', or one or more of their, promises,

19  agreements and confirmations and representations and warranties to induce Black's

20  forbearance and other conduct, include, but were not limited to, the following:

21  (i)   the Folks/Lawrence Defendants were informed that and

22  acknowledged that they had no rights in or to the Photos and/or Video, that any

23  purported rights in or to the Photos and/or Video were fraudulent and did not exist,

24  and were subsequently informed that Black owned all right, title, interest and

25  copyright in and to the Property;

26  (ii)   the Folks/Lawrence Defendants agreed and confirmed and

27  represented that they would immediately and permanently cease and desist from any

28  further use or dissemination or attempted exploitation of the Photos and/or Video,

1   and from any further efforts and/or engaging in the license, distribution,

2   dissemination or sale of any of the Photos or Video;

3          (iii)   Lawrence represented that he had first obtained a copy of the

4   Video and Photos in April 2009, which he discovered on a computer he owned and

5   that had previously been used in the operation of his former call center company,

6   and that the items had been left on said computer by a former employee, likely Jeff

7   Delancy, who worked as an employee at Lawrence's call center for a period of time

8   in about late-2006 and/or in 2007; and

9          (iv)   Lawrence represented that, until in or about April or May 2009

10  when he showed them to Folks and was so informed by Folks, he did not know or

11  recognize that the Video and Photos were of Black;

12          119.   At the time the foregoing representations were made by the

13  Folks/Lawrence Defendants, they were false, and the Folks/Lawrence Defendants

14  knew them to be false, in that, among other things, one or more of the

15  Folks/Lawrence Defendants and/or their partners or representatives (i) did not intend

16  to permanently cease and desist from any further use or dissemination or attempted

17  exploitation of the Photos and/or Video, and from any further efforts and/or

18  engaging in the license, distribution, dissemination or sale of any of the Photos or

19  Video; and (ii) intended to secretly continue, including during negotiations for the

20  terms of a proposed settlement, to seek to disseminate and exploit the Photos and

21  Video, all without right, license or title, and to otherwise harm Black.

22          120.   Pursuant to their plan, the Folks/Lawrence Defendants (i) fraudulently

23  concealed that they did not intend to permanently cease and desist from any further

24  use or dissemination or attempted exploitation of the Photos and/or Video, and from

25  any further efforts and/or engaging in the license, distribution, dissemination or sale

26  of any of the Photos or Video; and (ii) fraudulently concealed their scheme to

27  secretly continue, as the opportunity might arise, to attempt to disseminate and

28

exploit the Photos and Video; among other fraudulent representations and concealment.

121.   At the time the foregoing misrepresentations were made, the Folks/Lawrence Defendants knew the true facts and the Folks/Lawrence Defendants made such misrepresentations and/or concealed such information intentionally, with the knowledge that Black would rely upon such fraudulent misrepresentations, and be induced thereby to enter into the aforementioned agreements and/or act in forbearance accordingly.

122.   At the time said representations were made, Black was unaware of the true facts and justifiably relied on the Folks/Lawrence Defendants and their misrepresentations and concealment.  Had Black known the true facts, he would not have, among other things, acted in forbearance and refrained from immediately commencing litigation and seeking injunctive relief to protect and preserve his rights and remedies.

123.   Black reasonably relied on said fraudulent misrepresentations and as a result thereof, was induced to act, or not act, to his detriment, as herein alleged.

124.   As set forth above, Black did not discover the fraudulent misrepresentations and concealments until approximately a month thereafter, all within one year of the commencement of the litigation herein.

125.   By reasoning of the foregoing, Black has been injured in an amount which is not yet fully ascertainable but which is in excess of the jurisdictional limits of this Court.  When Black has ascertained the full amount of the damages, he will seek leave of the Court to amend this Complaint accordingly.

126.   Plaintiff is informed and believes and based thereon alleges that the Folks/Lawrence Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and with full knowledge of the adverse effects of its actions on Black, and with willful and deliberate disregard to the consequences to Black, and that such actions were authorized, ratified and adopted by the partners, officers, directors and/or managing agents of the Folks/Lawrence Defendants.  As

**FIRST AMENDED COMPLAINT**

1  a direct result of the fraudulent, willful and malicious conduct of the Folks/Lawrence

2  Defendants, Black is entitled to exemplary and punitive damages in an amount to be

3  determined as appropriate to the Court.

4

5  ### EIGHTH CLAIM FOR RELIEF

6  ### For Conversion

7  ### (Against All Defendants, Except Lenehan)

8  127.  Plaintiff repeats, realleges, adopts and incorporates each and every

9  allegation contained in Paragraphs 1 through 64, 67 through 70, 76 through 79, 86,

10 and 94 through 95 inclusive, as though fully set forth herein.

11 128.  At all times relevant hereto, Black was, and is, the sole and rightful

12 owner of the personal property described as the Property herein.

13 129.  Although the Black Property described above is unique and the value

14 of control of the Property is irreplaceable by any monetary amount, the Property

15 described above has an estimated value of potentially millions of dollars, the exact

16 amount of which shall be proven at trial.

17 130.  At some point and in some manner unknown to Black, Defendants

18 wrongfully and without Black's authority or approval took or obtained possession of

19 the Property, and have converted the Property for their own use and commercial

20 gain.

21 131.  On numerous occasions between June and July 2009, Black demanded

22 the immediate return of all Property.  Notwithstanding the demands for the return

23 of any and all copies of the Property, Defendants have through July 2009 failed and

24 refused to return the Property and continued to wrongfully retain the Property for

25 their own benefit and use.

26 132.  As a direct and proximate result of Defendants' wrongful conversion of

27 the Property, Black has been damaged in an amount that is not yet fully ascertainable

28 but which is believed to be in excess of Three Million Dollars ($3,000,000).  When

1  Black has ascertained the full amount of his damages, he will seek leave of court to

2  amend this Complaint accordingly.

3      133.  Between the time of Defendants' conversion of the Property and the

4  filing of this lawsuit, Black has expended time and money in legal fees and costs in

5  pursuit of the return of the converted Property, all to Black's further damage in an

6  amount according to proof at trial.

7      134.  Black is informed and believes and based thereon alleges that the

8  aforementioned acts of Defendants, and each of them, were done intentionally or

9  with a conscious and reckless disregard of Black's rights, and with the intent to vex,

10  injure or annoy Black, such as to constitute oppression, fraud, or malice, thus

11  entitling Black to exemplary and punitive damages in an amount appropriate to

12  punish or set an example of Defendants, and each of them, and to deter such conduct

13  in the future, the exact amount of such damages subject to proof at the time of trial.

14      135.  No adequate remedy exists at law for the injustices suffered by Black

15  herein, insofar as further harm will result to Black from Defendants' wrongful act

16  of conversion of the Property absent injunctive relief.  Absent granting injunctive

17  relief of the type and for the purpose specified herein, Black will suffer irreparable

18  injury.  Therefore, in addition to the award for damages set forth herein, Black

19  requests the following injunctive relief: (a) An order directing the Defendants, and

20  each of them, to account to Black, under penalty of perjury, with a list documenting

21  every item of Property in their possession and control, at any time present or past,

22  and/or in the control of any agents or representatives and/or provided to any

23  licensees and/or any other persons; (b) An order directing the Defendants to account

24  to Black, under penalty of perjury, with a list setting forth and documenting (1)

25  every item of Property in their possession and control, at any time present or past,

26  and/or in the control of any agents or representatives; (2) every item of Property

27  ever provided to any licensees and/or any other persons or entity, and listing all

28  known contact details of said persons or entities; (3) each item of the Video and

Photos and Property what was/is delivered and turned-over to Black's counsel; (c) An order prohibiting Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from selling or licensing, offering to sell or license, facilitating the sale or licensing of, disseminating, transferring, publishing, syndicating, displaying, posting for view or access on or through the Internet or in any other manner or media outlet, broadcasting or otherwise using or exploiting or attempting to exploit the Property, Video and/or Photos or any information contained therein, whether in electronic or hard-copy form or in any other manner or via any other outlet; (d) ordering Defendants to recall, retrieve and obtain the Video and any and all Photos and Property, and all copies thereof, in any format or medium, from any persons or entities who received possession of any of said material from any of the Defendants or any of their agents or representatives, and to deliver to Plaintiff's counsel, all copies of the Video and/or any of the Photos and/or Property; (e) ordering Defendants to give notice to any and all persons and entities who have copies of any part of the Video or any of the Photos or any of the Property, received by/through Defendants, that they are enjoined by Court Order from using, displaying, posting for view or access on or through the Internet or in any other manner or in any other format or medium, publishing, distributing, transferring or exploiting the Video and/or Photos and/or Property in any way pending further Order of this Court, and provide a copy of each said notice to Black; (f) ordering Defendants to deliver and turn-over to Black's counsel to hold and maintain possession of, all copies of the Video and Photos and Property, in any format or medium, which are in their possession, custody or control, or in the control of any of their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys; and (g) ordering Defendants to

provide Black with a full and complete listing and accounting: (1) setting forth a list of all copies, including numbers thereof and description of each, of the Video and Photos and Property that was ever or is in their possession; (2) setting forth a list of all copies, including numbers thereof and description of each, of the Video and Photos and Property that was ever provided by Defendants, or any of them, to any person or entity, and listing all known contact details of said persons or entities; and (3) setting forth a list of all copies, including numbers thereof and description of each, of the Video and Photos and Property that was/is delivered and turned-over to Black's counsel.

## NINTH CLAIM FOR RELIEF

### For Accounting

### (Against All Defendants, Except Lenehan)

136.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, 69 through 72, 78 through 81, 88, and 96 through 97, and 128 through 131, inclusive, as though fully set forth herein.

137.   Plaintiff is informed and believes on that basis alleges that the Defendants, and each of them, have received profits by virtue of their wrongful conduct, as herein alleged.

138.   Plaintiff is entitled to that portion of Defendants' profits attributable to the unauthorized misappropriation of Black's name, photographs and/or likeness, including from and through all ad-revenue streams generated through the operation of their Websites and all increased traffic and views of their Websites, and from the exploitation of the Property.  The amount of these profits is presently unknown and cannot be ascertained without an accounting.  The accounting will show any profits due and owing to Black based on Defendants' unlawful conduct.

/ / /

/ / /

## TENTH CLAIM FOR RELIEF

### For Imposition of Constructive Trust

### (Against All Defendants, Except Lenehan)

139.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, 69 through 72, 78 through 81, 88, and 96 through 97, 128 through 131 and 137 through 138, inclusive, as though fully set forth herein.

140.   As alleged hereinabove, Defendants, and each of them, have wrongfully misappropriated, and/or permitted or participated in the unauthorized exploitation of Black's name, photographs and likeness, and the unauthorized exploitation of the Property for purposes of inter alia soliciting sales of Defendants' goods, merchandise and services and traffic to Defendants' Websites, all for commercial purposes and to increase Defendants' profits.

141.   Black is informed and believes and based thereon alleges that as a result of the aforesaid wrongful acts of Defendants, and each of them, Defendants have realized profits and otherwise received payments and other valuable consideration, and have been unjustly enriched at the expense of Black, and may continue to receive profits, payments and other valuable consideration in the future from their unauthorized exploitation of the name, photographs and likeness of Black and the unauthorized exploitation of the Property.

142.   As a direct and proximate result of Defendants' wrongful conduct as alleged hereinabove, Defendants, and each of them, hold any and all monies deriving from the unauthorized commercial exploitation of the name, photographs and likeness of Black and the unauthorized exploitation of the Property, plus interest on said amount, as involuntary constructive trustees in constructive trust for Black.

/ / /

/ / /

## ELEVENTH CLAIM FOR RELIEF

### For Invasion of Privacy by Public Disclosure of Private Facts

### (Against Lenehan)

143.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, 32 through 36, 43 through 47 and 55 through 66, inclusive, as though fully set forth herein.

144.   On or about July 6, 7, 8 and 9th, 2009, Lenehan, without Black's consent and against Black's will, has grossly invaded Black's protected right of privacy as recognized under the United States Constitution, the California Constitution and at common law, by disclosing to third parties the contents of the confidential Video and Photos depicting Black engaged in private sexual relations between two consenting adults which took place nearly three years ago.

145.   The unauthorized solicitation of commercial opportunities relating to the Video and the Photos and the disclosure and attempted licensing of the content of the Video and Photos is offensive and objectionable to Black, as it would be to a reasonable person of ordinary sensibilities, and is not of legitimate public concern. Black did not consent to any use or exploitation of the Video or the Photos whatsoever, or to any disclosure of the contents of same by Lenehan on or about July 6, 7, 8 and 9th, 2009.  Lenehan's disclosures of the Video and Photos and its content and its threatened distribution is highly offensive to Black and has violated Black's right of privacy.

146.   Lenehan disclosed the Video and/or Photos and their contents to third parties on or about July 6, 7, 8 and 9th, 2009 in order to realize profits from the ultimate sale, licensing,  distribution or other commercial exploitation of the Video and Photos and to otherwise promote and advance Lenehan's commercial interests.

147.   Lenehan knew that the Video and Photos contained private and confidential information, and that Black had a reasonable expectation of privacy in said Property, and that Lenehan's conduct would reveal private and personal things

about Black which Lenehan had no right to disseminate, disclose, or exploit, and that the publication of these private facts would constitute a clear violation of Black's right of privacy.

148.   Lenehan violated Black's fundamental privacy rights by the conduct alleged herein that occurred on or about July 6, 7, 8 and 9th, 2009, including the outrageous intrusion into Black's privacy and the publication, dissemination and exploitation or attempted exploitation of the Video and/or Photos, in an unprivileged manner calculated to lead to publicity throughout the world, the United States and the State of California, to unjustly enrich Lenehan and in conscious disregard of Black's right of privacy.

149.   Plaintiff is informed and believes and thereon alleges that Lenehan acted with actual malice or in reckless disregard of Black's right to privacy.

150.   From on or about July 6, 7, 8 and 9th, 2009 forward, Lenehan has threatened to continue invading Black's right of privacy by continuing to solicit opportunities relating to, and to sell, license, disseminate and/or permit distribution of, the Video and Photos.  Unless and until enjoined and restrained by Order of this Court, Lenehan's continued and on-going acts will cause Black severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, Black is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution and use of the Video and Photos and mandating the return of all reproductions and copies of the Video and Photos to Black.

151.   As a direct and proximate result of the aforementioned acts by Lenehan, Black has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation and shame in an amount that has not yet been fully ascertained.  As a direct and proximate result of the aforementioned acts by Lenehan, Black has been damaged, and will be damaged, in an amount subject to proof.

**FIRST AMENDED COMPLAINT**

152.   Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Lenehan were done intentionally or with a conscious disregard of Black's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice, thus entitling Black to exemplary and punitive damages in an amount appropriate to punish or make an example of Lenehan and to deter such conduct in the future, which amount will be proved at trial.

## TWELFTH CLAIM FOR RELIEF

### For Copyright Infringement [17 U.S.C. § 101 *et. seq.*]

### (Against Lenehan)

153.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, 32 through 36, 43 through 47 and 55 through 66, inclusive, as though fully set forth herein.

154.   Black is the sole owner of all right, title and interest in the copyrights to the Video and all of the Photos (the "Copyrights").   The subject works of this claim have been properly and fully submitted in Black's name to the U.S. Copyright Office ("USCO") for application for copyright registration.   Black deposited identifying material of the work in question, paid the registration fee, including a Special handling fee, and that the USCO has received Black's application and issued submission claim numbers for the "pending" applications, USCO Claim ID Number 1-3PIALV for the Video and USCO Claim ID Number 1-3PFKPZ for the Photos.

155.   Plaintiff is informed and believes and thereon alleges that Lenehan, on or about July 6, 7, 8 and 9th, 2009 and going forward, has commercially used, exploited, attempted to sell/license and disseminated the copyrighted Video and Photos.

156.   Lenehan's commercial use, exploitation, and/or attempts to license or sell and dissemination of the copyrighted materials is unauthorized.   Lenehan's

1  unauthorized commercial use, use, exploitation, licensing, and/or attempts to license

2  or sell and dissemination of the Property constitutes an infringement of Black's

3  rights, including of the Copyrights, and of the copyright laws.

4  157. Lenehan has infringed Black's exclusive Copyrights in and to the

5  Property directly and indirectly by reproduction of the copyrighted work, causing

6  the copyrighted work to be copied and distributed and publicly displayed, all without

7  the consent of Black.

8  158. As a direct and proximate result of Lenehan's infringing activities of on

9  or about July 6, 7, 8 and 9th, 2009 and going forward, Black has sustained and will

10  continue to sustain substantial injury, including damage to his business and to his

11  business and personal reputation in an amount not yet known but to be determined

12  according to proof at trial. As a further direct and proximate result of the

13  infringement by on or about July 6, 7, 8 and 9th, 2009 and going forward, he has

14  unlawfully and wrongfully derived income and profits or benefit from his infringing

15  acts.

16  159. Black lacks an adequate remedy at law.

17  160. Black is informed and believes and on that basis alleges that Lenehan

18  had prior knowledge of Black's rights and, therefore, Lenehan's infringing activities

19  are willful and wanton, entitling Black to an award of attorneys' fees and the costs

20  of this action.

21  161. Pursuant to 17 U.S.C. § 502, Black is entitled to an order enjoining

22  Lenehan from infringing Black's copyright; pursuant to 17 U.S.C. § 503, Black is

23  entitled to an order impounding and destroying all copies of the infringing articles;

24  and pursuant to 17 U.S.C. § 504, Black is entitled to recover actual damages from

25  Lenehan's infringement and Lenehan's profits attributable to his infringing conduct.

26  Pursuant to 17 U.S.C. § 505, Black is also entitled to recover the full costs of

27  bringing this action and his reasonable attorney's fees.

28

**FIRST AMENDED COMPLAINT**

1    162.   Black has suffered irreparable harm and will continue to be irreparably

2    injured unless Lenehan's infringement is enjoined by this Court.

3

4    ### THIRTEENTH CLAIM FOR RELIEF

5    **For Common Law Misappropriation Of Right of Publicity**

6    **(Against Lenehan)**

7    163.   Plaintiff repeats, realleges, adopts and incorporates each and every

8    allegation contained in Paragraphs 1 through 29, 32 through 36, 43 through 47, 55

9    through 66, 146 and 154 through 158, inclusive, as though fully set forth herein.

10   164.   Black is an Academy Award-winning motion picture screenwriter and

11   accomplished television screenwriter and producer. He recently won multiple

12   entertainment industry awards, including the coveted Academy Award, for his

13   screenplay "*Milk*" which was adapted into the motion picture of the same name.  His

14   television writing and production credits include the highly acclaimed HBO

15   television series entitled "*Big Love*.  Through his hard work and use of his talents

16   in the entertainment field, Black's name, likeness and persona have substantially

17   increased in value and are vested with substantial goodwill in the eyes of the public.

18   Accordingly, at the time of Lenehan's actions with regard to the Videotape and

19   Photos as alleged hereinabove, Black had valuable rights of publicity and property

20   rights with substantial commercial value, which he did not agree to transfer, in

21   whole or in part, to Lenehan for the purpose of commercially exploiting them by

22   means of soliciting third parties with regard to the Video and Photos, or

23   disseminating or disclosing the Video or Photos or their content for Lenehan's own

24   commercial purposes.  It is clear that following his surge into prominence with his

25   Academy Award-winning screenplay for "*Milk*," Lenehan,on or about July 6, 7, 8

26   and 9th, 2009, in an outrageous and intentional invasion of Black's privacy, decided

27   to and did seek to sell, disseminate and exploit the stolen Video and Photos for

28   profit.

**FIRST AMENDED COMPLAINT**

165.   Lenehan's unauthorized actions with respect to the Video and Photos constitute a violation and misappropriation of Black's right of publicity, in that Lenehan misappropriated Black's name, image, likeness and persona by using the Video and/or Photos for the purpose of commercial gain, all without Black's consent.

166.   The misappropriation was for Lenehan's advantage, in that Black's name, image and likeness were used and intended to create and enhance Lenehan's pecuniary gain and profit.

167.   Lenehan has threatened to continue utilizing Black's name and likeness by continuing to solicit and seek to sell, license, disseminate and/or permit distribution of the Video and/or Photos.  Unless and until enjoined and restrained by Order of this Court, Lenehan's continued acts will cause Black severe and irreparable injury, which cannot adequately be compensated by monetary damages. By reason of the foregoing, Black is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution and use of the Video and any of the Photos, and mandating the return of all reproductions and copies of the Video and Photos to Black.

168.   As a direct and proximate result of the aforementioned acts by Lenehan, Lenehan has earned profits or value attributable to this unauthorized commercial use and exploitation of Black's name, image, likeness and persona. The amount of said ill-gotten gains has yet to be ascertained.  Black is entitled to recover all said unjust enrichments, including all profits earned by Lenehan as a result of Lenehan's unauthorized commercial exploitation as herein alleged.

169.   As a direct and proximate result of the aforementioned acts by Lenehan, Black has been damaged, and will be damaged, in an amount which is not yet fully ascertainable and subject to proof at trial.

/ / /

/ / /

170.   Black is informed and believes, and on that basis alleges, that the aforementioned acts of Lenehan were done intentionally or with a conscious disregard of Black's rights, and with the intent to vex, injure or annoy Black, such as to constitute oppression, fraud, or malice thus entitling Black to exemplary and punitive damages in an amount appropriate to punish or set an example of Lenehan, and to deter such conduct in the future, which amount will be proved at trial.

## FOURTEENTH CLAIM FOR RELIEF

### For Injunctive Relief

### (Against All Defendants)

171.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 66, 69 through 72, 78 through 81, 83, 85, 86, 89 through 91, 95 through 99, 103 through 106, 109 through 115, 118 through 124, 128 through 131, 135, 137 through 138, 144 through 150, 154 through 162 and 164 through 167, inclusive, as though fully set forth herein.

172.   Plaintiff is informed and believes and thereon alleges that as a result of the conduct of Defendants described herein, Black has and will suffer great and irreparable harm and damage.  Black is informed and believes and thereon alleges that as a result of the conduct of Defendants described herein, Black has sustained and will sustain actual damages that may be difficult to ascertain with certainty.

173.   Plaintiff is informed and believes and thereon alleges that he has no adequate remedy at law for the injuries which he has suffered and will continue to suffer in the future unless the wrongful conduct of Defendants, and each of them, is restrained and enjoined, because it is and will be impossible for Black to determine the precise amount of damage, and no amount of money can restore the potential harm to Black caused by Defendants, and each of them, as a result of the conduct alleged herein.

174.   Plaintiff is informed and believes and thereon alleges that there is a serious risk that he will suffer irreparable harm absent the injunctive relief sought herein, in that the wrongs that have been and will in the future be performed by Defendants, and each of them, are of a continuing character, and will expose Black to a continuing injury.   Black is further informed and believes and thereon alleges that there is a serious risk that he will suffer irreparable harm absent the injunctive relief sought herein, in that the wrongs that have been and will in the future be done by Defendants, and each of them, will give rise to a multiplicity of judicial proceedings absent the injunctive relief sought herein.

175.   Accordingly, Black seeks the issuance of a preliminary injunction, and on a final hearing a permanent injunction, enjoining Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from displaying, posting for view or access on or through the Internet or in any other manner or in any other format or medium, publishing, distributing, transferring, exploiting, selling or licensing, offering to sell or license, facilitating the sale or licensing of, and/or otherwise disseminating the Video, Photos and/or Property, and from making any use of the Video, Photos and/or Property or images thereof or any information contained therein and from making unauthorized use of Black's name, photograph and/or likeness in connection with any commercial purposes.

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dustin Lance Black prays for judgment against Defendants Starzlife, Inc. and d/b/a Starzlife and Starzlife.com, Deal With It People, Inc., and d/b/a Starzlife and Starzlife.com, Nathaniel Thomas Conrad Folks, Michael Lawrence, Traci Raitt, Scott Allen Entertainment, Inc., Deal With It People, Inc., Steven Lenehan, Kelly Stagg-Lenehan, Sergey Knazev, Jessica Johnson and Zac Albright, and Does 1 through 10, *as said defendant is specifically named and listed for the respective Claim for Relief*, as follows:

## AS TO THE FIRST CLAIM FOR RELIEF:

1.    For an order for the following temporary restraining order and preliminary and permanent injunction: (a) an order prohibiting Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from selling or licensing, offering to sell or license, facilitating the sale or licensing of, disseminating, transferring, publishing, syndicating, displaying, posting for view or access on or through the Internet or in any other manner or media outlet, broadcasting or otherwise using or exploiting or attempting to exploit the Property, Video and/or Photos or any information contained therein, whether in electronic or hard-copy form or in any other manner or via any other outlet; (b) ordering Defendants to deliver and turn-over to Plaintiff's counsel, to hold and maintain possession of, each and every copy of the Video and/or any of the Photos and/or Property in their possession, control or custody, in any format or medium, including turning over any electronic copies on any storage devices, CD's, DVD's and/or flash drives containing the same; (c) ordering and directing Defendants to recall, retrieve and obtain the Video and any and all Photos and Property, and all copies thereof, in any format or medium, from any persons or entities who received possession of any

1   of said material from any of the Defendant Parties, and to deliver to Plaintiff's

2   counsel, all copies of the Video and/or any of the Photos and/or Property; (d)

3   ordering and directing to account to Plaintiff, under statement of penalty of perjury,

4   with a list documenting and accounting for: (i) every item of Property in their

5   possession, control or custody, at any time present or past, and (ii) listing/accounting

6   for every item that was/is delivered and turned-over to Plaintiff's counsel; (iii) every

7   item of Property provided, at any time, to any licensees and/or other persons or

8   entities, and (iv) every item of Property recalled and/or retrieved from any persons

9   or entities who received possession of any of said material from any of the Defendant

10   Parties; (e) ordering and directing Defendants give notice (along with a copy of this

11   Order) to any and all persons and entities who have or had copies of any part of the

12   Video or any of the Photos or any of the Property, received by/through Defendants

13   or any of the Defendant Parties, that they are enjoined by Court Order from

14   displaying, posting for view or access on or through the Internet or in any other

15   manner or in any other format or medium or outlet, and from publishing,

16   distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or

17   licensing, offering to sell or license, facilitating the sale or licensing of, and/or

18   otherwise disseminating, the Video, Photos and/or Property, and from making any

19   use of the Video, Photos and/or Property or images thereof or any information

20   contained therein, pending further Order of this Court, and provide a copy of each

21   said notice to Plaintiff's counsel; and (f) ordering and directing Defendants to

22   immediately (within 24-hours of service of this Order) provide Plaintiff's counsel

23   with a lists with the name, address, telephone number, e-mail address and facsimile

24   number (as known) for all persons and entities who have or had copies of any part

25   of the Video or any of the Photos or any of the Property, received by/through

26   Defendants or any of the Defendant Parties, so Plaintiff can provide such

27   persons/entities with notice of this Order if Plaintiff elects to do so;

28

2.     For an award of general and special damages against Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional limits of this Court, that is not yet fully ascertainable but believed to be not less than Three Million ($3,000,000) Dollars, in accordance with proof at trial, together with interest thereon at the legal rate; and

3.     For exemplary and punitive damages pursuant to Civil Code §3294 in an amount appropriate to punish or set an example of Defendants, and to deter such conduct in the future, the exact amount of such damages subject to proof at trial;

**AS TO THE SECOND CLAIM FOR RELIEF**:

4.     Treble damages in an amount equivalent to three (3) times Defendants' profits, or actual damages, whichever is greater, plus costs of suit, pursuant to 15 U.S.C. §1117(a);

5.     For an order declaring that Defendants hold such profits in trust for Black;

6.     For a temporary restraining order and preliminary and permanent injunction enjoining the use, copying, sale, licensing, display, dissemination and distribution of the Video, Photos and/or any of the Property and any goods and services appropriating Plaintiff's copyrights by Defendants;

7.     Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

**AS TO THE THIRD CLAIM FOR RELIEF**:

8.     For an award of general and special damages against Defendants, and each of them, jointly and severally, in an amount in excess of the jurisdictional limits of this Court, that is not yet fully ascertainable but believed to be not less than Three Million ($3,000,000) Dollars, in accordance with proof at trial, together with interest thereon at the legal rate;

9.     For an award of the gross revenues received by Defendants, and each of them, as a result of the unauthorized use of Plaintiff's name, image, likeness and persona;

10.    For an order declaring that Defendants hold such profits in trust for Black;

11.    For an order of temporary, preliminary and permanent injunctive relief, enjoining the further commercial exploitation of Black's name, image, likeness and persona by Defendants, and each of them;

12.    For exemplary and punitive damages pursuant to Civil Code §3294 in an amount appropriate to punish or set an example of Defendants, and to deter such conduct in the future, the exact amount of such damages subject to proof at trial;

**AS TO THE FOURTH CLAIM FOR RELIEF**:

13.    For an order for the following temporary restraining order and preliminary and permanent injunction: (a) an order prohibiting Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from selling or licensing, offering to sell or license, facilitating the sale or licensing of, disseminating, transferring, publishing, syndicating, displaying, posting for view or access on or through the Internet or in any other manner or media outlet, broadcasting or otherwise using or exploiting or attempting to exploit the Property, Video and/or Photos or any information contained therein, whether in electronic or hard-copy form or in any other manner or via any other outlet; (b) ordering Defendants to deliver and turn-over to Plaintiff's counsel, to hold and maintain possession of, each and every copy of the Video and/or any of the Photos and/or Property in their possession, control or custody, in any format or medium, including turning over any electronic copies on any storage devices, CD's, DVD's and/or flash drives containing the same; (c) ordering and directing Defendants to recall, retrieve and obtain the Video and any and all Photos and Property, and all copies thereof, in any format or medium, from any persons or entities who received possession of any

1  of said material from any of the Defendant Parties, and to deliver to Plaintiff's

2  counsel, all copies of the Video and/or any of the Photos and/or Property; (d)

3  ordering and directing to account to Plaintiff, under statement of penalty of perjury,

4  with a list documenting and accounting for: (i) every item of Property in their

5  possession, control or custody, at any time present or past, and (ii) listing/accounting

6  for every item that was/is delivered and turned-over to Plaintiff's counsel; (iii) every

7  item of Property provided, at any time, to any licensees and/or other persons or

8  entities, and (iv) every item of Property recalled and/or retrieved from any persons

9  or entities who received possession of any of said material from any of the Defendant

10 Parties; (e) ordering and directing Defendants give notice (along with a copy of this

11 Order) to any and all persons and entities who have or had copies of any part of the

12 Video or any of the Photos or any of the Property, received by/through Defendants

13 or any of the Defendant Parties, that they are enjoined by Court Order from

14 displaying, posting for view or access on or through the Internet or in any other

15 manner or in any other format or medium or outlet, and from publishing,

16 distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or

17 licensing, offering to sell or license, facilitating the sale or licensing of, and/or

18 otherwise disseminating, the Video, Photos and/or Property, and from making any

19 use of the Video, Photos and/or Property or images thereof or any information

20 contained therein, pending further Order of this Court, and provide a copy of each

21 said notice to Plaintiff's counsel; and (f) ordering and directing Defendants to

22 immediately provide Plaintiff's counsel with a lists with the name, address, telephone

23 number, e-mail address and facsimile number (as known) for all persons and entities

24 who have or had copies of any part of the Video or any of the Photos or any of the

25 Property, received by/through Defendants or any of the Defendant Parties, so

26 Plaintiff can provide such persons/entities with notice of this Order if Plaintiff elects

27 to do so;

28

14.    For an award of general and special damages against Defendants Starzlife, DWIP, Knazev, Johnson, SAEI, Folks, Lawrence, and each of them, jointly and severally, in an amount in excess of the jurisdictional limits of this Court, that is not yet fully ascertainable but believed to be not less than Three Million ($3,000,000) Dollars, in accordance with proof at trial, together with interest thereon at the legal rate;

15.    For exemplary and punitive damages pursuant to Civil Code §3294 in an amount appropriate to punish or set an example of Defendants, and to deter such conduct in the future, the exact amount of such damages subject to proof at trial;

16.    For an award of reasonable attorney's fees and costs incurred herein pursuant to California Civil Code Section 3344;

**AS TO THE FIFTH CLAIM FOR RELIEF:**

17.    For an order for the following temporary restraining order and preliminary and permanent injunction: (a) An order prohibiting Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from selling or licensing, offering to sell or license, facilitating the sale or licensing of, disseminating, transferring, publishing, syndicating, displaying, posting for view or access on or through the Internet or in any other manner or media outlet, broadcasting or otherwise using or exploiting or attempting to exploit the Property, Video and/or Photos or any information contained therein, whether in electronic or hard-copy form or in any other manner or via any other outlet; (b) ordering Defendants to deliver and turn-over to Plaintiff's counsel, to hold and maintain possession of, each and every copy of the Video and/or any of the Photos and/or Property in their possession, control or custody, in any format or medium, including turning over any electronic copies on any storage devices, CD's, DVD's and/or flash

**FIRST AMENDED COMPLAINT**

drives containing the same; (c) ordering and directing Defendants to recall, retrieve and obtain the Video and any and all Photos and Property, and all copies thereof, in any format or medium, from any persons or entities who received possession of any of said material from any of the Defendant Parties, and to deliver to Plaintiff's counsel, all copies of the Video and/or any of the Photos and/or Property; (d) ordering and directing to account to Plaintiff, under statement of penalty of perjury, with a list documenting and accounting for: (i) every item of Property in their possession, control or custody, at any time present or past, and (ii) listing/accounting for every item that was/is delivered and turned-over to Plaintiff's counsel; (iii) every item of Property provided, at any time, to any licensees and/or other persons or entities, and (iv) every item of Property recalled and/or retrieved from any persons or entities who received possession of any of said material from any of the Defendant Parties; (e) ordering and directing Defendants give notice (along with a copy of this Order) to any and all persons and entities who have or had copies of any part of the Video or any of the Photos or any of the Property, received by/through Defendants or any of the Defendant Parties, that they are enjoined by Court Order from displaying, posting for view or access on or through the Internet or in any other manner or in any other format or medium or outlet, and from publishing, distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or licensing, offering to sell or license, facilitating the sale or licensing of, and/or otherwise disseminating, the Video, Photos and/or Property, and from making any use of the Video, Photos and/or Property or images thereof or any information contained therein, pending further Order of this Court, and provide a copy of each said notice to Plaintiff's counsel; and (f) ordering and directing Defendants to immediately provide Plaintiff's counsel with a lists with the name, address, telephone number, e-mail address and facsimile number (as known) for all persons and entities who have or had copies of any part of the Video or any of the Photos or any of the Property, received by/through Defendants or any of the Defendant Parties, so

1 │ Plaintiff can provide such persons/entities with notice of this Order if Plaintiff elects

2 │ to do so;

3 │      18.    For an award of general and special damages against Defendants, and

4 │ each of them, jointly and severally, in an amount in excess of the jurisdictional limits

5 │ of this Court, that is not yet fully ascertainable but believed to be not less than Three

6 │ Million ($3,000,000) Dollars, in accordance with proof at trial, together with interest

7 │ thereon at the legal rate;

8 │      19.    For exemplary and punitive damages pursuant to Civil Code §3294 in

9 │ an amount appropriate to punish or set an example of Defendants, and to deter such

10 │ conduct in the future, the exact amount of such damages subject to proof at trial;

11 │ **AS TO THE SIXTH CLAIM FOR RELIEF:**

12 │      14.    For an award of general and special damages against Defendants

13 │ Starzlife, DWIP, Knazev, Albright and Does 1-4, and each of them, jointly and

14 │ severally, in an amount not yet fully ascertainable but in excess of the jurisdictional

15 │ limits of this Court, in accordance with proof at trial, together with interest thereon

16 │ at the legal rate;

17 │      15.    For exemplary and punitive damages pursuant to Civil Code §3294 in

18 │ an amount appropriate to punish or set an example of Defendants, and to deter such

19 │ conduct in the future, the exact amount of such damages subject to proof at trial;

20 │ **AS TO THE SEVENTH CLAIM FOR RELIEF:**

21 │      14.    For an award of general and special damages against Defendants Folks,

22 │ Lawrence, SAEI and Does 5-8, and each of them, jointly and severally, in an

23 │ amount not yet fully ascertainable but in excess of the jurisdictional limits of this

24 │ Court, in accordance with proof at trial, together with interest thereon at the legal

25 │ rate;

26 │      15.    For exemplary and punitive damages pursuant to Civil Code §3294 in

27 │ an amount appropriate to punish or set an example of Defendants, and to deter such

28 │ conduct in the future, the exact amount of such damages subject to proof at trial;

**AS TO THE EIGHTH CLAIM FOR RELIEF:**

20.    For an award of general and special damages against Defendants, and each of them, jointly and severally, for the value of the property converted, in an amount in excess of the jurisdictional limits of this Court that is not yet fully ascertainable but believed to be not less than Three Million ($3,000,000) Dollars, in accordance with proof at trial, together with interest thereon at the legal rate;

21.    For damages for the proximate and foreseeable loss resulting from Defendants' conversion in a sum according to proof at the time of trial, together with interest thereon at the legal rate;

22.    For punitive and exemplary damages;

23.    For an order for the following temporary restraining order and preliminary and permanent injunction: (a) An order prohibiting Defendants, and each of them, and their agents, employees and representatives, and anyone including any website or blog operators and hosting services who receives notice of the order, from displaying, posting for view or access on or through the Internet or in any other manner or in any other format or medium or outlet, and from publishing, distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or licensing, offering to sell or license, facilitating the sale or licensing of, and/or otherwise disseminating, the Video, Photos and/or Property (each as defined hereinbelow), and from making any use of the Video, Photos and/or Property or images thereof or any information contained therein, all whether in electronic or hard-copy form or in any other manner; (b) ordering Defendants to deliver and turn-over to Plaintiff's counsel, to hold and maintain possession of, each and every copy of the Video and/or any of the Photos and/or Property in their possession, control or custody, in any format or medium, including turning over any electronic copies on any storage devices, CD's, DVD's and/or flash drives containing the same; (c) ordering and directing Defendants to recall, retrieve and obtain the Video and any and all Photos and Property, and all copies thereof, in any format or

1    medium, from any persons or entities who received possession of any of said

2    material from any of the Defendant Parties, and to deliver to Plaintiff's counsel, all

3    copies of the Video and/or any of the Photos and/or Property; (d) ordering and

4    directing to account to Plaintiff, under statement of penalty of perjury, with a list

5    documenting and accounting for: (i) every item of Property in their possession,

6    control or custody, at any time present or past, and (ii) listing/accounting for every

7    item that was/is delivered and turned-over to Plaintiff's counsel; (iii) every item of

8    Property provided, at any time, to any licensees and/or other persons or entities, and

9    (iv) every item of Property recalled and/or retrieved from any persons or entities

10   who received possession of any of said material from any of the Defendant Parties;

11   (e) ordering and directing Defendants give notice (along with a copy of this Order)

12   to any and all persons and entities who have or had copies of any part of the Video

13   or any of the Photos or any of the Property, received by/through Defendants or any

14   of the Defendant Parties, that they are enjoined by Court Order from displaying,

15   posting for view or access on or through the Internet or in any other manner or in

16   any other format or medium or outlet, and from publishing, distributing,

17   broadcasting, transferring, exploiting, attempting to exploit, selling or licensing,

18   offering to sell or license, facilitating the sale or licensing of, and/or otherwise

19   disseminating, the Video, Photos and/or Property, and from making any use of the

20   Video, Photos and/or Property or images thereof or any information contained

21   therein, pending further Order of this Court, and provide a copy of each said notice

22   to Plaintiff's counsel; and (f) ordering and directing Defendants to immediately

23   provide Plaintiff's counsel with a lists with the name, address, telephone number,

24   e-mail address and facsimile number (as known) for all persons and entities who

25   have or had copies of any part of the Video or any of the Photos or any of the

26   Property, received by/through Defendants or any of the Defendant Parties, so

27   Plaintiff can provide such persons/entities with notice of this Order if Plaintiff elects

28   to do so;

**AS TO THE NINTH CLAIM FOR RELIEF:**

24.   A full and complete accounting from Defendants, and each of them, concerning all monies or other things of value received by Defendants, and any of them, directly and/or indirectly in connection with their wrongful exploitation of Black's publicity rights without Black's consent, including from and through all ad-revenue streams generated through the operation of their Websites and all increased traffic and views of their Websites, and from the exploitation of the Property;

25.   A full and complete accounting from Defendants, and each of them, concerning all monies or other things of value received by Defendants, directly and/or indirectly in connection with their wrongful license, sale and/or exploitation of any of the Property;

**AS TO THE TENTH CLAIM FOR RELIEF:**

26.   For the imposition of a constructive trust such that all sums and consideration unlawfully obtained by Defendants are held by Defendants as constructive trustees for Black;

**AS TO THE ELEVENTH CLAIM FOR RELIEF**:

27.   For an order for the following temporary restraining order and preliminary and permanent injunction:  (a) an order prohibiting Lenehan, and his officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys (the "Defendant Parties"), and all those in active concert or participation with Defendant or the Defendant Parties, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, from selling or licensing, offering to sell or license, facilitating the sale or licensing of, disseminating, transferring, publishing, syndicating, displaying, posting for view or access on or through the Internet or in any other manner or media outlet, broadcasting or otherwise using or exploiting or attempting to exploit the Property, Video and/or Photos or any information contained therein, whether in electronic or hard-copy form or in any other manner or via any

1  other outlet; (b) ordering Defendant to deliver and turn-over to Plaintiff's counsel,

2  to hold and maintain possession of, each and every copy of the Video and/or any of

3  the Photos and/or Property in their possession, control or custody, in any format or

4  medium, including turning over any electronic copies on any storage devices, CD's,

5  DVD's and/or flash drives containing the same; (c) ordering and directing Defendant

6  to recall, retrieve and obtain the Video and any and all Photos and Property, and all

7  copies thereof, in any format or medium, from any persons or entities who received

8  possession of any of said material from any of the Defendant Parties, and to deliver

9  to Plaintiff's counsel, all copies of the Video and/or any of the Photos and/or

10  Property; (d) ordering and directing to account to Plaintiff, under statement of

11  penalty of perjury, with a list documenting and accounting for: (i) every item of

12  Property in their possession, control or custody, at any time present or past, and (ii)

13  listing/accounting for every item that was/is delivered and turned-over to Plaintiff's

14  counsel; (iii) every item of Property provided, at any time, to any licensees and/or

15  other persons or entities, and (iv) every item of Property recalled and/or retrieved

16  from any persons or entities who received possession of any of said material from

17  any of the Defendant Parties; (e) ordering and directing Defendant give notice (along

18  with a copy of this Order) to any and all persons and entities who have or had copies

19  of any part of the Video or any of the Photos or any of the Property, received

20  by/through Defendant or any of the Defendant Parties, that they are enjoined by

21  Court Order from displaying, posting for view or access on or through the Internet

22  or in any other manner or in any other format or medium or outlet, and from

23  publishing, distributing, broadcasting, transferring, exploiting, attempting to exploit,

24  selling or licensing, offering to sell or license, facilitating the sale or licensing of,

25  and/or otherwise disseminating, the Video, Photos and/or Property, and from

26  making any use of the Video, Photos and/or Property or images thereof or any

27  information contained therein, pending further Order of this Court, and provide a

28  copy of each said notice to Plaintiff's counsel; and (f) ordering and directing

1   Defendant to immediately (within 24-hours of service of this Order) provide

2   Plaintiff's counsel with a lists with the name, address, telephone number, e-mail

3   address and facsimile number (as known) for all persons and entities who have or

4   had copies of any part of the Video or any of the Photos or any of the Property,

5   received by/through Defendant or any of the Defendant Parties, so Plaintiff can

6   provide such persons/entities with notice of this Order if Plaintiff elects to do so;

7       28.     For an award of general and special damages against Defendant, in an

8   amount in excess of the jurisdictional limits of this Court, that is not yet fully

9   ascertainable but believed to be not less than Three Million ($3,000,000) Dollars,

10  in accordance with proof at trial, together with interest thereon at the legal rate; and

11      29.     For exemplary and punitive damages pursuant to Civil Code §3294 in

12  an amount appropriate to punish or set an example of Defendant, and to deter such

13  conduct in the future, the exact amount of such damages subject to proof at trial;

14  **AS TO THE TWELFTH CLAIM FOR RELIEF**:

15      30.     Treble damages in an amount equivalent to three (3) times Defendant's

16  profits, or actual damages, whichever is greater, plus costs of suit, pursuant to 15

17  U.S.C. §1117(a);

18      31.     For an order declaring that Defendant hold such profits in trust for

19  Black;

20      32.     For a temporary restraining order and preliminary and permanent

21  injunction enjoining the use, copying, sale, licensing, display, dissemination and

22  distribution of the Video, Photos and/or any of the Property and any goods and

23  services appropriating Plaintiff's copyrights by Defendant;

24      33.     Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

25  **AS TO THE THIRTEENTH CLAIM FOR RELIEF**:

26      34.     For an award of general and special damages against Defendant, in an

27  amount in excess of the jurisdictional limits of this Court, that is not yet fully

28

1  ascertainable but believed to be not less than Three Million ($3,000,000) Dollars,

2  in accordance with proof at trial, together with interest thereon at the legal rate;

3       35.   For an award of the gross revenues received by Defendant as a result

4  of the unauthorized use of Plaintiff's name, image, likeness and persona;

5       36.   For an order declaring that Defendant hold such profits in trust for

6  Black;

7       37.   For an order of temporary, preliminary and permanent injunctive relief,

8  enjoining the further commercial exploitation of Black's name, image, likeness and

9  persona by Defendant, and each of them;

10      38.   For exemplary and punitive damages pursuant to Civil Code §3294 in

11  an amount appropriate to punish or set an example of Defendant, and to deter such

12  conduct in the future, the exact amount of such damages subject to proof at trial;

13  **AS TO THE FOURTEENTH CLAIM FOR RELIEF:**

14      39.   That a preliminary injunction issue, enjoining Defendants, and each of

15  them, and their officers, directors, stockholders, owners, agents, partners, servants,

16  employees, representatives and attorneys, and all those in active concert or

17  participation with Defendants, or each of them, and all others, including any website

18  or blog operator(s) and hosting service(s), who receive notice of this order, from

19  displaying, posting for view or access on or through the Internet or in any other

20  manner or in any other format or medium or outlet, and from publishing,

21  distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or

22  licensing, offering to sell or license, facilitating the sale or licensing of, and/or

23  otherwise disseminating, the Video, Photos and/or Property (each as defined

24  hereinbelow), and from making any use of the Video, Photos and/or Property or

25  images thereof or any information contained therein, all whether in electronic or

26  hard-copy form or in any other manner, and from making any unauthorized use of

27  Black's name, photograph, likeness and/or persona in connection with any

28  commercial purposes;

40.    On a final hearing, that Defendants, and each of them, and their officers, directors, stockholders, owners, agents, partners, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, or each of them, and all others, including any website or blog operator(s) and hosting service(s), who receive notice of this order, be permanently enjoined from displaying, posting for view or access on or through the Internet or in any other manner or in any other format or medium or outlet, and from publishing, distributing, broadcasting, transferring, exploiting, attempting to exploit, selling or licensing, offering to sell or license, facilitating the sale or licensing of, and/or otherwise disseminating, the Video, Photos and/or Property (each as defined hereinbelow), and from making any use of the Video, Photos and/or Property or images thereof or any information contained therein, all whether in electronic or hard-copy form or in any other manner, and from making any unauthorized use of Black's name, photograph, likeness and/or persona in connection with any commercial purposes;

**AS TO ALL CLAIMS FOR RELIEF:**

41.    For costs of the suit incurred;

42.    For interest at the maximum statutory rate; and

43.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATE:   July 30, 2009

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
EVAN N. SPIEGEL
YAEL E. HOLTKAMP

By: _____
        EVAN N. SPIEGEL
Attorneys for Plaintiff
DUSTIN LANCE BLACK

1

## **REQUEST FOR JURY TRIAL**

2

      Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules

3

of Civil Procedure.

4

                                  Respectfully submitted,

5

DATE:   July 30, 2009

6

                                    LAVELY & SINGER
PROFESSIONAL CORPORATION

7

MARTIN D. SINGER
EVAN N. SPIEGEL
YAEL E. HOLTKAMP

8

9

By:  _____

10

           EVAN N. SPIEGEL
Attorneys for Plaintiff

11

DUSTIN LANCE BLACK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ASSIGNMENT OF COPYRIGHT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **JEFF DELANCY** ("Delancy") hereby irrevocably sells, transfers, assigns and conveys to **DUSTIN LANCE BLACK** ("DLB"), throughout the universe and in perpetuity, the full, unencumbered and undivided interest in all of Delancy's right, title and interest (including, without limitation, all copyrights and all extensions and renewals of copyrights), of whatever kind or nature in and to the video any and all outtake photo images therefrom (the "Video") and any and all still photos (the "Photos") which capture or feature DLB with Delancy and/or individually (the Video and Photos and any and all portions thereof or related materials are collectively herein referred to as the "Property" – as more specifically defined hereinbelow), including, without limitation, any and all derivative works and any portions or variations thereof, in any and all media and formats, whether or not such rights are now known, recognized or contemplated.

The Property, some of which was created on or about November 11, 2006, includes video and still images of DLB with Delancy and/or individually, including in a state of undress and/or engaged in private sexual conduct. For clarification as to the Video and Photos and Property assigned hereunder, attached hereto as Exhibit "A" are representative redacted copies of outtake stills evidencing the Video at issue and representative copies of the still Photos. For the sake of further clarification, the assignment herein includes each and every video and photograph, without limitation, that Delancy created as of the date of this agreement which captures or features DLB, and is deemed effective as of the time and moment of creation of each of the Video(s) and Photos and the Property.

This transfer and assignment of rights shall include, but not be limited to, all of the following rights: (a) all of Delancy's rights to display, publish, disseminate, license or sell the Video, Photos and/or Property in any territory of the world, in any and all media and formats; (b) all domestic and international rights, including without limitation, all rights pursuant to any European Union directives and/or enabling or implementing legislation, laws or regulations; and (c) any and all other rights throughout the universe in perpetuity that Delancy now has or to which he may become entitled under existing or subsequently enacted United States law, any state law or any foreign laws. No right of any kind, nature or description is reserved by Delancy.

Delancy hereby represents and warrants and states under penalty of perjury that he has not heretofore granted or assigned or transferred, and will not hereafter grant or assign or transfer, any right, license, title or interest in or to the Video, Photos or any of the Property to any person, firm, corporation or other entity other than by this instrument to DLB.

This instrument may be executed via facsimile signatures and/or pdf electronic printed copy signatures, any of which shall have the same force and effect as if its were an original signature.

By the signature below, this instrument is approved, executed and delivered as of this 15th day of June 2009.

_____
**JEFF DELANCY**

K:\4674-2\AGR\ASSIGNMENT OF COPYRIGHT 061509 re D Lance Black - Jeff Delancy.wpd

**EXHIBIT A PAGE 70**

## EXHIBIT "A"
## TO ASSIGNMENT OF COPYRIGHT FROM DELANCY TO DLB

"Photos" – representative sample/example of still photos (redacted)

**Redacted**          **Redacted**          **Redacted**

"Video" – representative sample/example of outtake images of Video (redacted)

**Redacted**          **Redacted**

# EXHIBIT  B

[eCO logo]

## Case Summary:

| | | |
|---|---|---|
| Case #: | 1-224242481 | Type of Case: Motion Picture/AV Work |
| Title: | DLB & Delancy Video - Nov 2006 | |
| Fee Due: | 720.00 | Service Fee Paid: 720.00 |

Opened: 7/27/2009
Contact Name: Evan Spiegel
Claim Status: Pending

[Upload Deposit] [Send by Mail]

### Claims

| Claim Id ⇧⇩ | Date ⇧⇩ | Version ⇧⇩ |
|---|---|---|
| 1-3PIALV | 7/27/2009 10:02:21 PM | 1 |

### Updates

| Comments ⇧⇩ | Activity Type ⇧⇩ | Status ⇧⇩ | Created ▽⇧ | Created By ⇧⇩ |
|---|---|---|---|---|

☒ No Records

### Attachments

| Attachment Name ⇧⇩ | File Type ⇧⇩ | Size ⇧⇩ | Date and Time ⇧⇩ | Comments ⇧⇩ |
|---|---|---|---|---|

☒ No Records

## *eCO information*

The eCO Registration System will be offline every Sunday from 12:00 AM to approximately 6:00 AM Eastern Time for scheduled maintenance.

Please click "What's new in eCO?" on your Home Page for details on recent changes to the eCO Registration System.

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

EXHIBIT β PAGE 72

# Claim Detail

Back

Claim Id:  1-3PIALV

Case #:  1-24242481

Title:  DLB & Delancy Video - Nov 2006

## All Titles

| Title of Work | Volume | Number | Issue Date | Type |
|---|---|---|---|---|
| DLB & Delancy Video - Nov 2006 | | | | Title of work being registered |

## Publication/Completion

| Published Work | Year Created | Organization Name | Publication Date | Nation of First Publication | ISN Type | IS Number |
|---|---|---|---|---|---|---|
| No | 2006 | | | | | |

## Authors & Contributions (MP)

| Name | Organization Name | Doing business as | Work For Hire | Anonymous | Created Other |
|---|---|---|---|---|---|
| Jeff Delancy | | | No | N | |

## Claimants

| Name | Organization Name | Transfer | Transfer Statement | Transfer Stmt Other | Address |
|---|---|---|---|---|---|
| Dustin Lance Black | | By written agreement | | | c/o Lavely & Singer Prof. Corp., 2049 Century Park East, Suite 2400, Los Angeles, CA, 90067, United States |

## Claim Limitations review (MP)



## Rights & Permissions

EXHIBIT B PAGE 73



**Correspondent**

First Name: Evan
Middle Name: N.
Last Name: Spiegel
Email: espiegel@lavelysinger.com
Phone: (310) 556-3501
Fax: (310) 556-3615
Alternate Phone:

Organization Name: Lavely & Singer Prof. Corp.
Address 1: c/o Lavely & Singer Prof. Corp.
Address 2: 2049 Century Park East, Ste 2400
City: Los Angeles
State: CA
Postal Code: 90067
Country: United States

**Mail Certificate**

First Name: Evan
Middle Name: N.
Last Name: Spiegel

Organization Name: Lavely & Singer Prof. Corp.
Address 1: c/o Lavely & Singer Prof. Corp.
Address 2: 2049 Century Park East, Ste 2400
City: Los Angeles
State: CA
Postal Code: 90067
Country: United States

**Certification**

Name: Evan N. Spiegel, Esq.
Date certified:
Applicant's Internal Tracking Number:

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

EXHIBIT B PAGE 74

CO Electronic Deposit File Upload

## Upload successful

The following files were successfully uploaded for service request 1-224242481:

- Video Cpyrt Appl Images - Frames + Desc.pdf

Please note the service request number above for future reference.

Close Window

EXHIBIT B PAGE 75

**Evan Spiegel**

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Monday, July 27, 2009 7:48 PM |
| **To:** | Evan Spiegel |
| **Subject:** | Acknowledgement of Receipt |

THIS IS AN AUTOMATED EMAIL - DO NOT REPLY.

Thank you for submitting your registration claim using the electronic Copyright Office (eCO) System. This email confirms that your application and fee for the work DLB & Delancy Video - Nov 2006 was received on 07/27/2009. The following applies to registration claims only (not preregistrations):

The effective date of registration is established when the application, fee AND the material being registered have been received. If you have not yet sent the material to be registered, logon to eCO and click the blue case number associated with your claim in the Open Cases table, then do one of the following:

For digital uploads: Click the Upload Deposit button at the top of the Case Summary screen, then browse and select the file(s) you wish to upload. Note: only certain classes of works may be registered with digital deposits (See FAQs: http://www.copyright.gov/eco/faq.html#eCO_1.4).

For hardcopy submissions:  Click the Send by Mail button at the top of the Case Summary screen, then click the Shipping Slip link that appears in the Attachments table. Print out and attach the shipping slip to the copy(ies) of your work. For multiple works, be sure to generate and attach separate shipping slips for each work.

You will be issued a paper certificate by mail after the registration has been completed. You may check the status of this claim via eCO using this number [1-224242481].

[THREAD ID: 1-3PK77Q]

United States Copyright Office

EXHIBIT B PAGE 76

# EXHIBIT  C

Case Summary:

**Case #:** 1-224115621
**Title:** DLB & JD - Photo Images 11-2006
**Fee Due:** 720.00

**Type of Case:** Work of the Visual Arts

**Service Fee Paid:** 720.00

**Opened:** 7/27/2009
**Contact Name:** Evan Spiegel
**Claim Status:** Pending

[Upload Deposit] [Send by Mail]

[< Back]

## Claims

| Claim Id | Date | Version |
|---|---|---|
| 1-3PFKPZ | 7/27/2009 03:54:09 PM | 1 |

## Updates

| Comments | Status | Created | Created By |
|---|---|---|---|
| Submitted by LAVELYSINGER on 07/27/2009 | Received | 7/27/2009 07:19:18 PM | LAVELYSINGER |

## Attachments

| Attachment Name | File Type | Activity Type | Size | Date and Time | Comments |
|---|---|---|---|---|---|
| | | Upload Deposit | | | No Records |

**\*eCO Information\***

The eCO Registration System will be offline every Sunday from 12:00 AM to approximately 6:00 AM Eastern Time for scheduled maintenance.

Please click "What's new in eCO?" on your Home Page for details on recent changes to the eCO Registration System.

[+]
FEEDBACK

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

EXHIBIT C PAGE 77

# Claim Detail

[Back]

Claim Id: 1-3PFKPZ

Case #: 1-224115821

Title: DLB & JD - Photo Images 11-2006

## All Titles

| Title of Work | Volume | Number | Issue Date | Type |
|---|---|---|---|---|
| DLB & JD - Photo Images 11-2006 | | | | Title of work being registered |
| DLB-JD Image1 - 11 2006 | | | | Contents Title |
| DLB-JD Image2 - 11 2006 | | | | Contents Title |
| DLB-JD Image3 - 11 2006 | | | | Contents Title |
| DLB-JD Image4 - 11 2006 | | | | Contents Title |
| DLB-JD Image5 - 11 2006 | | | | Contents Title |
| DLB-JD Image6 - 11 2006 | | | | Contents Title |
| DLB-JD Image7-3629 - 11 2006 | | | | Contents Title |
| DLB-JD Image8-3630 - 11 2006 | | | | Contents Title |
| DLB-JD Image9-3631 - 11 2006 | | | | Contents Title |
| DLB-JD Image10-3632 - 11 2006 | | | | Contents Title |
| DLB-JD Image11-3633 - 11 2006 | | | | Contents Title |
| DLB-JD Image12-3634 - 11 2006 | | | | Contents Title |
| DLB-JD Image13-3635 - 11 2006 | | | | Contents Title |
| DLB-JD Image14-3636 - 11 2006 | | | | Contents Title |

## Publication/Completion

| Published Work | Year Created | Doing business as | Work For Hire | Publication Date | Text | Photo | Jewelry | Architectural | Nation of First Publication |
|---|---|---|---|---|---|---|---|---|---|
| No | 2006 | | No | | | ✓ | | | |

## Authors & Contributions (VA)

| Name | Organization Name | Transfer Statement | Transfer Stmt Other | 2-D Art | 3-D Art/Sculpture | ISN Type | IS Number | Map/Technical | Other |
|---|---|---|---|---|---|---|---|---|---|
| Jeff Delancy | | | | | | | | | [+] |

feedback

## Claimants

| Name | Organization Name | Address |
|---|---|---|

EXHIBIT C PAGE 78

| Dustin Lance Black | By written agreement | c/o Lavely & Singer Prof. Corp., 2049 Century Park East, Suite 2400, Los Angeles, CA, 90067, United States |

## Claim Limitations review (VA)

**Material Excluded:** Text, Music, Photograph(s), 2D Artwork, 3D Artwork, Architectural, Map/Technical Drawing, Other

**New Material Included:** Text, Jewelry, Photograph(s), 2D Artwork, 3D Artwork, Architectural, Map/Technical Drawing, Other

**Previous Registration:**
1st Prev. Reg. # — Year:
2nd Prev. Reg. # — Year:

Organization Name:
Address 1:
Address 2:
City:
State:
Postal Code:
Country:

## Rights & Permissions

First Name:
Middle Name:
Last Name:
Email:
Phone:
Alternate Phone:

Organization Name:
Address 1:
Address 2:
City:
State:
Postal Code:
Country:

## Correspondent

First Name: Evan
Middle Name:
Last Name: Spiegel
Email: espiegel@lavelysinger.com
Phone: (310)556-3501
Alternate Phone:
Fax: (310)556-3501

Organization Name: Lavely & Singer Prof. Corp.
Address 1: c/o Lavely & Singer Prof. Corp.
Address 2: 2049 Century Park East, Suite 2400
City: Los Angeles
State: CA
Postal Code: 90067
Country: United States

## Mail Certificate

First Name: Evan
Middle Name:
Last Name: Spiegel

Organization Name: Lavely & Singer Prof. Corp.
Address 1: c/o Lavely & Singer Prof. Corp.
Address 2: 2049 Century Park East, Suite 2400
City: Los Angeles
State: CA
Postal Code:
Country: United States

## Certification

EXHIBIT C PAGE 79



Privacy Act Notice: Sections 408–410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

EXHIBIT C PAGE 80

CO Electronic Deposit File Upload                                    Page 1 of 1



 Upload successful

The following files were successfully uploaded for service request 1-224115621:

- Photo Cpyrt Appl Images - ALL + Redacted.pdf

Please note the service request number above for future reference.

Close Window

EXHIBIT C PAGE 81

**Evan Spiegel**

**From:**       Copyright Office [cop-rc@loc.gov]
**Sent:**        Monday, July 27, 2009 4:18 PM
**To:**          Evan Spiegel
**Subject:**     Acknowledgement of Receipt


THIS IS AN AUTOMATED EMAIL - DO NOT REPLY.

Thank you for submitting your registration claim using the electronic Copyright Office (eCO) System. This email confirms that your application and fee for the work DLB & JD - Photo Images 11-2006 was received on 07/27/2009. The following applies to registration claims only (not preregistrations):

The effective date of registration is established when the application, fee AND the material being registered have been received. If you have not yet sent the material to be registered, logon to eCO and click the blue case number associated with your claim in the Open Cases table, then do one of the following:

For digital uploads: Click the Upload Deposit button at the top of the Case Summary screen, then browse and select the file(s) you wish to upload. Note: only certain classes of works may be registered with digital deposits (See FAQs: http://www.copyright.gov/eco/faq.html#eCO_1.4).

For hardcopy submissions:  Click the Send by Mail button at the top of the Case Summary screen, then click the Shipping Slip link that appears in the Attachments table. Print out and attach the shipping slip to the copy(ies) of your work. For multiple works, be sure to generate and attach separate shipping slips for each work.

You will be issued a paper certificate by mail after the registration has been completed. You may check the status of this claim via eCO using this number [1-224115621].

[THREAD ID: 1-3PIE62]

United States Copyright Office

EXHIBIT _C_ PAGE 82